[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 409.]

ARDIRE ET AL., APPELLANTS, V. TRACY, TAX COMMR., APPELLEE.

**[Cite as Ardire v. Tracy, 1997-Ohio-5.]**

*Taxation--Income tax--Credits against income tax otherwise due--Taxpayer not entitled to resident income tax credit under former R.C. 5747.05(B) on that portion of adjusted gross income that was subjected to Michigan's Single Business Tax.*

(No. 95-1535--Submitted November 12, 1996--Decided February 12, 1997.)

APPEAL from the Board of Tax Appeals, No. 94-K-347.

_____

{¶ 1} During 1988, Philip and Donna Ardire, appellants, received income from Simplex Communications Corporation ("Simplex"), a Subchapter S corporation which engaged in business in Michigan and California.[1] For tax year 1988, Simplex had filed, on behalf of its shareholders, a California Corporation Franchise or Income Tax Return and a Michigan Single Business Tax Annual Return. Thus, when appellants filed their 1988 Ohio Individual Income Tax Return, they claimed a resident income tax credit of $19,076.41 for taxes that had been paid by Simplex to Michigan and California. Specifically, appellants claimed a resident income tax credit of $1,302.28 for that portion of their adjusted gross income from

---

1. Subchapter S of the Internal Revenue Code (Section 1361 *et seq*., Title 26, U.S.Code) permits the owners of qualifying corporations to elect a special tax status under which the corporation and its shareholders receive conduit-type taxation that is comparable to partnership taxation. For tax purposes, a Subchapter S corporation differs significantly from a normal corporation in that the profits generated through the S corporation are taxed as personal income to the shareholders. The taxable income of an S corporation is computed essentially as if the corporation were an individual. Section 1363, Title 26, U.S.Code. Items of income, loss, deduction, and credit are then "passed thru" to the shareholders on a pro rata basis and are added to or subtracted from each shareholder's gross income. See, generally, Section 1366, Title 26, U.S.Code. The income appellants received from Simplex during 1988 was apparently profits generated through the S corporation and "passed thru" to appellants as shareholders.

Simplex which had been subjected to the California Corporation Franchise or Income Tax, and a resident income tax credit in the amount of $17,774.13 for that portion of their adjusted gross income which had been subjected to the Michigan Single Business Tax. In their personal income tax return, appellants indicated that they were entitled to a tax refund in the amount of $19,749.22, which they eventually received. However, following an audit of appellants' 1988 tax return, appellee Roger Tracy, the Tax Commissioner, disallowed the entire amount of the resident income tax credit that had been claimed by appellants. Thus, on October 26, 1991, the commissioner issued a tax assessment against appellants in the amount of $19,076.41, plus interest of $5,306.38, for a total tax assessment of $24,382.79.

{¶ 2} On November 25, 1991, appellants filed a petition for reassessment pursuant to R.C. 5747.13. After reviewing appellants' petition, the commissioner modified the tax assessment by allowing appellants to take the previously claimed resident income tax credit for that portion of their adjusted gross income which had been subjected to a tax on income or a tax measured by income in the state of California. The commissioner also reduced the amount of preassessment interest to $910.62. However, the commissioner denied appellants' petition with respect to that portion of the resident tax credit claimed by appellants for the taxes paid by Simplex to Michigan, finding that the Michigan Single Business Tax was not a tax on income or a tax measured by income. The commissioner modified the tax assessment to reflect a total balance due of $18,684.75.

{¶ 3} On appeal, the Board of Tax Appeals ("BTA") affirmed the order of the commissioner. The cause is now before this court upon an appeal as of right.

*Phillips & Co., L.P.A.*, and *Gerald W. Phillips*, for appellants.

*Betty D. Montgomery*, Attorney General, *Robert C. Maier* and *Steven L. Zisser*, Assistant Attorneys General, for appellee.

_____

**DOUGLAS, J.**

{¶ 4} The sole issue that has been properly presented for our consideration is whether appellants were entitled to a resident income tax credit under R.C. 5747.05(B) on that portion of their adjusted gross income which was subjected to Michigan's Single Business Tax ("SBT"), Mich.Comp.Laws Ann. 208.1 *et seq.* Resolution of this issue hinges on the question whether the SBT is either a tax on income or a tax measured by income. For the reasons that follow, we find that the decision of the BTA upholding the Tax Commissioner's denial of the resident income tax credit for that portion of appellants' adjusted gross income which was subject to the SBT was neither unlawful nor unreasonable and, accordingly, we affirm the decision of the BTA.

{¶ 5} R.C. 5747.02 levies an annual tax on every individual residing in or earning or receiving income in Ohio. The annual tax in the case of an individual is measured by adjusted gross income less certain exemptions. R.C. 5747.05 allows certain tax credits against adjusted gross income, including a resident income tax credit for those portions of the adjusted gross income of a resident taxpayer that in another state or in the District of Columbia are subjected to a tax on income or a tax measured by income. As it existed in 1988, R.C. 5747.05 provided, in part:

"The following credits shall be allowed against the income tax imposed by section 5747.02 of the Revised Code:

"* * *

"(B)(1) The amount of tax otherwise due under section 5747.02 of the Revised Code on such portion of the adjusted gross income of a resident taxpayer that in another state or in the District of Columbia *is subjected to a tax on income or measured by income*[.]" (Emphasis added.) Am.Sub.H.B. No. 171, 142 Ohio Laws, Part II, 2170, 2380.[2]

---

2. The current version of R.C. 5747.05 is substantially similar to the 1988 version of that statute in allowing a resident income tax credit. The current version of R.C. 5747.05 provides, in part:

**{¶ 6}** The parties agree that the SBT is not a tax on income. Indeed, the fact that the SBT is not a tax on income is a well-established principle of Michigan law. In *Trinova Corp. v. Dept. of Treasury* (1989), 433 Mich. 141, 149-150, 445 N.W.2d 428, 431-432, affirmed (1991), 498 U.S. 358, 111 S.Ct. 818, 112 L.Ed.2d 884, the Michigan Supreme Court described some of the components of the SBT and specifically determined that the SBT is a value-added tax and not a tax on income:

"The single business tax is a form of value added tax, although it is not a pure value added tax. * * * 'Value added is defined as the increase in the value of goods and services brought about by whatever a business does to them between the time of purchase and the time of sale.' [Haughey, The Economic Logic of the Single Business Tax (1976), 22 Wayne L.Rev. 1017, 1018.] In short, a value added tax is a tax upon business activity. The act [the Michigan Single Business Tax Act] employs a value added measure of business activity, but its intended effect is to impose a tax upon the privilege of conducting business activity within Michigan. *It is not a tax upon income.* MCL [Mich.Comp.Laws] 208.31(4); MSA [Mich.Stat.Ann.] 7.558(31)(4).

"* * *

"The computation of the tax involves several steps beginning with the calculation of the taxpayer's tax base. Under the act, 'tax base' is defined as business income (or loss) before apportionment subject to certain adjustments.

---

"As used in this section, '*income tax' includes both a tax on net income and a tax measured by net income*.

"The following credits shall be allowed against the income tax imposed by section 5747.02 of the Revised Code:

"* * *

"(B) The lesser of division (B)(1) or (2) of this section:

"(1) The amount of tax otherwise due under section 5747.02 of the Revised Code on such portion of the adjusted gross income of a resident taxpayer that in another state or in the District of Columbia *is subjected to an income tax*. * * *

"(2) The amount of income tax liability to another state or the District of Columbia on the portion of the adjusted gross income of a resident taxpayer that in another state or in the District of Columbia is subjected to an income tax. * * *" (Emphasis added.)

MCL 208.9; MSA 7.558(9). 'Business income' is essentially federal taxable income. MCL 208.3(3); MSA 7.558(3)(3). Common adjustments to business income include additions to reflect the business consumption of labor and capital. Those include adding back compensation, depreciation, dividends, and interest *paid* by the taxpayer to the extent deducted from federal taxable income. Common deductions from business income include dividends, interest, and royalties *received* by the taxpayer to the extent included in federal taxable income. This income is deducted for the purpose of value added computation because it does not result from capital expenditure by the taxpayer. Kasischke, Computation of the Michigan single business tax: Theory and mechanics, 22 Wayne L R 1069, 1081 (1976)." (Emphasis added in part; footnotes omitted in part.) See, also, *Trinova Corp. v. Michigan Dept. of Treasury* (1990), 498 U.S. 358, 362-368, 111 S.Ct. 818, 823-826, 112 L.Ed.2d 884, 896-901 (recognizing that the SBT is a value-added tax as opposed to a tax on income); *Mobil Oil Corp. v. Dept. of Treasury* (1985), 422 Mich. 473, 496-497, 373 N.W.2d 730, 741, and fn. 14 (finding that the SBT is a consumption-type value-added tax); *Caterpillar, Inc. v. Dept. of Treasury* (1992), 440 Mich. 400, 408, 488 N.W.2d 182, 185 (same principle); *Gillette Co. v. Dept. of Treasury* (1993), 198 Mich.App. 303, 308-309, 497 N.W.2d 595, 597-598 (holding that the SBT is a consumption-type value-added tax and not a tax on income); *Town & Country Dodge, Inc. v. Dept. of Treasury* (1986), 152 Mich.App. 748, 753-754, 394 N.W.2d 472, 475 (recognizing that the SBT is a tax imposed upon business activity rather than upon the income which results from that activity); and *Wismer & Becker Contracting Engineers v. Dept. of Treasury* (1985), 146 Mich.App. 690, 696, 382 N.W.2d 505, 507 ("The single business tax is a tax upon the privilege of doing business and not upon income.").

{¶ 7} In *Trinova*, 498 U.S. 358, 111 S.Ct. 818, 112 L.Ed.2d 884, the United States Supreme Court described some of the general differences between a value-added tax (a "VAT") and a corporate income tax:

"A VAT differs in important respects from a corporate income tax. A corporate income tax is based on the philosophy of ability to pay, as it consists of some portion of the profit remaining after a company has provided for its workers, suppliers, and other creditors. A VAT, on the other hand, is a much broader measure of a firm's total business activity. Even if a business entity is unprofitable, under normal circumstances it adds value to its products and, as a consequence, will owe some VAT. Because value added is a measure of actual business activity, a VAT correlates more closely to the volume of governmental services received by the taxpayer than does an income tax. Further, because value added does not fluctuate as widely as net income, a VAT provides a more stable source of revenue than the corporate income tax." *Id*. at 363-364, 111 S.Ct. at 824, 112 L.Ed.2d at 898.

{¶ 8} Although the SBT is clearly not a tax on income, appellants contend that the SBT is a tax "measured by income." Specifically, appellants suggest that the tax base of the SBT is essentially federal taxable income and that the SBT is therefore based upon, computed, and measured by a taxpayer's net income. Conversely, the commissioner argues that "[a]lthough the MSBT starts its calculation with federal taxable income, numerous adjustments are made to that amount in order to derive the Michigan tax base. Among those adjustments are additions of salary, depreciation, rent, interest, and other expenses that were deducted by the corporation for purposes of computing its federal taxable income. Those adjustments are so significant that any relationship that the starting point for the MSBT may have had to 'income' was lost on the way to computing the MSBT base." Thus, the commissioner urges that the SBT is not a tax measured by income.

{¶ 9} In *Gillette*, 198 Mich.App. 303, 497 N.W.2d 595, a Michigan appellate court specifically addressed the question whether the SBT is a tax "measured by net income." In *Gillette*, the Gillette Company ("Gillette") challenged certain single business tax assessments that had been issued against it

6

by the Michigan Department of Treasury. Gillette challenged the assessments based on Section 381, Title 15, U.S.Code, which prohibits states from levying a "net income tax" on certain interstate commerce. Section 383, Title 15, U.S.Code defines "net income tax" as "any tax imposed on, or measured by, net income." Thus, the issue presented in *Gillette* was whether the Michigan SBT is a tax imposed on, or measured by, net income. The court in *Gillette* found that the SBT is a consumption-type value-added tax and not a tax on income. *Id.* at 308-309, 497 N.W.2d at 597-598. The court then turned its attention to the question whether the SBT is a tax measured by net income:

"Next, we consider whether the single business tax is a tax 'measured by' net income. The computation of the single business tax begins with the calculation of the taxpayer's tax base. 'Tax base' is defined as business income (or loss) before apportionment subject to certain adjustments. MCL 208.9; MSA 7.558(9); *Trinova*, *supra* * * * [433 Mich. 141, 150, 445 N.W.2d 428, 432]. 'Business income' is essentially federal taxable income. MCL 208.3(3); MSA 7.558(3)(3). Adjustments to business income include additions to reflect business consumption of labor and capital. Additions to business income include adding back compensation, depreciation, dividends, and interest *paid* by the taxpayer to the extent deducted from federal taxable income. Common deductions from business income include dividends, interest, and royalties *received* by the taxpayer to the extent included in federal taxable income. This income is deducted for the purpose of value added computation because it does not result from capital expenditure by the taxpayer. MCL 208.9; MSA 7.558(9); *Trinova*, *supra*, 433 Mich. [at 150-151, 445 N.W.2d at 432]. Once the tax base is calculated, the portion of the value added that is attributable to Michigan must be determined. MCL 208.45; MSA 7.558(45). After the tax base has been apportioned and subjected to certain adjustments, it is multiplied by 2.35 percent to determine the taxpayer's tax liability. MCL 208.31(1); MSA 7.558(31)(1).

"It is clear from the theory underlying the single business tax and the methods used to calculate the tax base and the apportionment formula, that *the single business tax is not a tax 'measured by net income*.'  Although business income or federal taxable income is a starting point for and a component of the tax base, because of the extensive adjustments required to compute the single business tax, we cannot say that the tax is 'measured by' net income.  Accordingly, we conclude that the restriction imposed by * * * [Section 381, Title 15, U.S.Code] does not apply to taxes imposed under the Single Business Tax Act."  (Emphasis added in part; footnotes omitted.)  *Gillette*, 198 Mich.App. at 309-311, 497 N.W.2d at 598-599.

{¶ 10} Therefore, the Michigan appellate courts have clearly determined that the SBT is neither a tax on income nor a tax measured by income.  Research reveals that a number of authorities throughout this country agree with the view that Michigan's SBT is neither a tax on income nor a tax measured by income.  See, *e.g.*, *Kellogg Sales Co. v. Dept. of Revenue* (1987), 10 Ore. Tax Rep. 480; *In re Appeal of Dayton Hudson Corp*. (Feb. 3, 1994), Cal. Bd. of Equalization Nos. 89A-0405-JV and 90R-0247-JV, unreported; and *In re Ruling Request* (Oct. 17, 1994), Va.Dept. of Tax. No. P.D. 94-313, unreported.  See, also, *Revenue Cabinet v. Gen. Motors Corp*. (Ky.App. 1990), 794 S.W.2d 178.  We find no compelling reason to deviate from the Michigan decisional law on this issue.  Accordingly, we follow the lead of the Michigan appellate courts in finding that the SBT is not a tax on income or a tax measured by income.

{¶ 11} The BTA determined that the SBT is neither a tax on income nor a tax measured by income and that, therefore, appellants were not entitled to a resident income tax credit under former R.C. 5747.05(B) relative to the single business taxes paid by Simplex to Michigan.  The decision of the BTA is neither unlawful nor unreasonable and, accordingly, we affirm.

*Decision affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____