KNUST ET AL., APPELLANTS, *v.* WILKINS, TAX COMMR., APPELLEE.

[Cite as *Knust v. Wilkins*, 111 Ohio St.3d 331, 2006-Ohio-5791.]

(No. 2005–2084—Submitted June 6, 2006—Decided November 22, 2006.)

———————

O'CONNOR, J.

{¶ 1} A husband and wife contend in this appeal that they should not be required to pay Ohio personal income tax on the income earned by two trusts that they created. The Tax Commissioner and the Board of Tax Appeals ("BTA") concluded, however, that the trusts' income passed through the trusts and was taxable to the husband and wife themselves. That conclusion was a sound one, and we therefore affirm the BTA's decision.

## Facts and Procedural History

{¶ 2} The appellants—David G. Knust and Susan Purkrabek–Knust—are a married couple in Cincinnati. They established a corporation in 1983 called Precision Packaging & Services, Inc. As the name suggests, the company provided packaging services, and both David and Susan worked at the company, served as officers of the company, and were its sole shareholders initially.

{¶ 3} Starting in 1995, David and Susan elected to treat the packaging company as a Subchapter S corporation (often referred to as an "S corporation"). As this court has explained, "Subchapter S of the Internal Revenue Code (Section 1361 *et seq.*, Title 26, U.S.Code) permits the owners of qualifying corporations to elect a special tax status under which the corporation and its shareholders receive conduit-type taxation that is comparable to partnership taxation." *Ardire v. Tracy* (1997), 77 Ohio St.3d 409, 674 N.E.2d 1155, fn. 1. "For tax purposes, a Subchapter S corporation differs significantly from a normal corporation in that the profits generated through the S corporation are taxed as personal income to the shareholders. The taxable income of an S corporation is computed essentially as if the corporation were an individual." Id.

{¶ 4} Then, in 1998, David and Susan created separate trusts, which they named the David Knust Grantor Trust and the Susan Purkrabek Grantor Trust. Both David and Susan transferred their shares of the packaging company's stock to their respective trusts.

{¶ 5} David named himself as the sole trustee of his trust, and Susan named herself the sole trustee of her trust. Each of them also chose in 1998 to designate their respective trusts as "electing small business trusts" or "ESBTs" under the Internal Revenue Code. See Section 641(c), Title 26, U.S.Code.

{¶ 6} On February 26, 2000, the two trusts sold their shares of the packaging company to a separate corporate entity in which David and Susan held no interest. Each trust received more than $16 million for the sale of the company's shares, and both trusts paid federal income tax on those sale proceeds.

{¶ 7} On their joint Ohio income tax return for the year 2000, David and Susan reported the proceeds from the sale as personal income to them, and they paid Ohio income tax on those proceeds in April 2001. They then asked the Tax Commissioner in late April 2001 to refund more than $2 million of the income taxes that they had just paid for tax year 2000, contending that the income received by the two trusts from the sale of the packaging company's shares should not have been treated by Ohio as taxable personal income to David and Susan themselves.

{¶ 8} The Tax Commissioner issued a final determination in 2004 denying David and Susan's refund claim for tax year 2000. David and Susan then

challenged that decision before the BTA, which held a hearing on the matter in December 2004.

{¶ 9} The BTA agreed with the Tax Commissioner, concluding that the two trusts were "grantor trusts"—that is, they were trusts over which David and Susan, as the creators and trustees of the trusts, retained substantial control—and therefore the income received by the trusts was properly taxable to David and Susan themselves. The ordinary rule for the taxation of a grantor trust—that any income earned by the trust is taxed not to the trust but rather to the grantor himself or herself—is not changed, according to the BTA, by the fact that the trust has been designated as an "electing small business trust" under the Internal Revenue Code. The BTA therefore affirmed the Tax Commissioner's decision to deny David and Susan's refund claim.

{¶ 10} David and Susan have now appealed to this court.

### Standard of Review

{¶ 11} In reviewing a BTA decision, this court must determine whether that decision was "reasonable and lawful." *Columbus City School Dist. Bd. of Edn. v. Zaino* (2001), 90 Ohio St.3d 496, 497, 739 N.E.2d 783; R.C. 5717.04. The court "will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion." *Gahanna–Jefferson Local School Dist. Bd. of Edn. v. Zaino* (2001), 93 Ohio St.3d 231, 232, 754 N.E.2d 789. But "[t]he BTA is responsible for determining factual issues and, if the record contains reliable and probative support for these BTA determinations," this court will affirm them. *Am. Natl. Can Co. v. Tracy* (1995), 72 Ohio St.3d 150, 152, 648 N.E.2d 483.

{¶ 12} The burden of proof rests on the taxpayer "to show the manner and extent of the error in the Tax Commissioner's final determination." *Standards Testing Laboratories, Inc. v. Zaino*, 100 Ohio St.3d 240, 2003-Ohio-5804, 797 N.E.2d 1278, ¶ 30. The Tax Commissioner's findings "are presumptively valid, absent a demonstration that those findings are clearly unreasonable or unlawful." *Nusseibeh v. Zaino*, 98 Ohio St.3d 292, 2003-Ohio-855, 784 N.E.2d 93, ¶ 10.

### Analysis

{¶ 13} We must determine in this case whether the income earned in the year 2000 by David and Susan's trusts was part of David and Susan's own "adjusted gross income" for that year.

{¶ 14} As we previously explained, "Ohio has imposed—in R.C. 5747.02(A)—a tax on the 'adjusted gross income' of individuals and has defined 'adjusted gross income' in R.C. 5747.01(A) as 'federal adjusted gross income, as defined and used in the Internal Revenue Code, adjusted as provided in this section.' In other words, the adjusted gross income of Ohio residents and those who earn or receive

income in Ohio is taxed, and in calculating each taxpayer's 'adjusted gross income,' Ohio looks to the definition that Congress has given to that term in the Internal Revenue Code." *Buckley v. Wilkins,* 105 Ohio St.3d 350, 2005-Ohio-2166, 826 N.E.2d 811, ¶ 8.

{¶ 15} An individual taxpayer's adjusted gross income under the Internal Revenue Code includes "gross income" minus certain deductions not at issue in this case, and gross income includes income from various sources, including income received by the taxpayer from a trust. See Sections 61(a)(15) and 62(a), Title 26, U.S.Code.

{¶ 16} The Internal Revenue Code also indicates that income earned by a grantor trust is taxable to the grantor rather than to the trust itself. See Sections 671 to 679, Title 26, U.S.Code. Time and again, federal courts have applied those statutory provisions to grantor trusts. See, e.g., *Schulz v. Commr. of Internal Revenue* (C.A.7, 1982), 686 F.2d 490, 495 ("The main thrust of the grantor trust provisions is that the trust will be ignored and the grantor treated as the appropriate taxpayer whenever the grantor has substantially unfettered powers of disposition"); *Neely v. United States* (C.A.9, 1985), 775 F.2d 1092, 1094 ("Under 26 U.S.C. §§ 671–677 (1982), a grantor of a trust who has retained certain powers of disposition which may be exercised without the approval or consent of an adverse party is treated as the owner of the trust and, thus, is taxed individually").

{¶ 17} The Tax Commissioner concluded that the two trusts in question were in fact grantor trusts, and the BTA agreed. That conclusion is a sound one and is not challenged by David or Susan, who were each entitled—according to the trust documents that they signed in 1998—to "sell or exchange, publicly or privately, any assets, real or personal" in their respective trusts. Also, they both expressly designated their trusts as grantor trusts, they both named themselves as the sole trustee of their respective trusts, they were each entitled to reclaim all or part of the trust assets and to receive all net income earned by their respective trusts, and they both reserved the right under the trust agreements to amend or revoke those agreements.

{¶ 18} Even though their trusts were grantor trusts, David and Susan contend that the income earned by those trusts was not taxable to them personally, because they had designated the trusts as "electing small business trusts" or "ESBTs." That special designation, they claim, changes the basic rule that the income earned by a grantor trust should be treated as taxable income to the grantor himself or herself.

{¶ 19} Congress created the ESBT designation in 1996, Pub.L. No. 104–188, 110 Stat. 1755, and gave trusts that were designated as ESBTs the power to own stock in S corporations. See Section 1361(c)(2)(A)(v), Title 26, U.S.Code. A trust

can qualify as an ESBT if its only beneficiaries are individuals, estates, or certain organizations listed in the Internal Revenue Code. See Section 1361(e)(1)(A)(i), Title 26, U.S.Code.

{¶ 20} There is no dispute in this case that David and Susan designated their trusts as ESBTs when they created those trusts in 1998. And, as the BTA found, both David and Susan undeniably transferred all of the shares of their packaging company—an S corporation—to those trusts in 1998.

{¶ 21} The only question, then, is whether the trusts' status as ESBTs changed the taxability of the income that those grantor trusts earned. We conclude—like the Tax Commissioner and the BTA—that it did not. The income that the trusts earned when they sold the shares of the packaging company in 2000 is properly treated as part of David and Susan's own adjusted gross income for that year.

{¶ 22} According to David and Susan, the income earned by their trusts should be taxed under Section 641(c), Title 26, U.S.Code. That provision explains how taxes are to be calculated on any portion of an ESBT that owns stock in one or more S corporations when an income tax is "imposed by this chapter [Section 1 et seq., Title 26, U.S.Code] on such separate trust." Section 641(c)(1)(A) and (B), Title 26, U.S.Code.

{¶ 23} Title 26 of the U.S.Code, however, does not impose an income tax on grantor trusts. See Ferguson, Freeland & Ascher, Federal Income Taxation of Estates, Trusts, and Beneficiaries (3d Ed.2000) 10–25 to 10–26, Section 10.05[C] ("If a grantor is treated as owner of an entire trust, * * * the trust has no tax liability to compute. Basically, therefore, the trust is completely ignored for income tax purposes"); Danforth, A Proposal for Integrating the Income and Transfer Taxation of Trusts (1999), 18 Va. Tax Rev. 545, 546 ("under the so-called grantor trust rules of [Sections 671 to 679, Title 26, U.S.Code], a trust is not treated as a separate taxable entity if the grantor retains a sufficient degree of control over or beneficial interest in the trust").

{¶ 24} Instead, the income earned by a grantor trust passes through to the grantor and is taxed to him or her under Sections 671 to 679, Title 26, U.S.Code. See Rev. Rul. 90–7, 1990–1 C.B. 153 ("When a grantor is treated as the owner of an entire trust, the grantor is considered to be the owner of the trust assets for federal income tax purposes"); Ferguson, Freeland & Ascher, supra, at 10–26, Section 10.05[C] ("The grantor takes into account all its items of income, deductions, and credits in computing his or her tax liability").

{¶ 25} Nothing in the statutory provision cited by David and Susan—Section 641(c), Title 26, U.S.Code—suggests that that principle changes when the grantor trust is designated as an ESBT. That statute simply says that when an income tax is imposed on a trust, that tax is to be calculated in a specified way if the trust is an ESBT. Where, as in this case, no income tax is imposed on the trust,

however, the statute does not come into play. In other words, a grantor trust can elect ESBT status, but that status does not change the ordinary requirement that the grantor trust's income is taxed to the grantor and not to the trust itself. Grantor trusts pay no tax on the income they earn, and therefore the provisions of Section 641(c) concerning the calculation of taxes on an electing-small-business trust do not apply if the ESBT is a grantor trust.

{¶ 26} The BTA reached that same conclusion, explaining that "the determination that an ESBT trust is a grantor trust * * * controls the manner of taxation" for that trust. According to the BTA, there is no support "for the appellants' claim that an ESBT election overrides grantor trust rules." As explained above, the BTA's decision is consistent with the relevant provisions of the Internal Revenue Code.

{¶ 27} It is notable that the two trusts filed separate federal income tax returns for the year 2000 claiming the income earned by the trusts during that year as taxable to the trusts themselves rather than to David and Susan individually. That is, the appellants failed to include, as part of their own 2000 federal adjusted gross income, the income that their grantor trusts earned. Yet as the BTA rightly explained, "the Tax Commissioner is not confined to follow" a taxpayer's statement that certain income should be excluded from the taxpayer's federal adjusted gross income.

{¶ 28} Like the Tax Commissioner and the BTA, we conclude that David and Susan should have included on their individual federal income tax returns the income that the grantor trusts earned. The failure of the Internal Revenue Service to insist that the returns be changed to reflect the trust income as personal income—a failure explained, perhaps, by the fact that ESBT trusts pay "the highest rate of tax" under Section 641(c)(2)(A), Title 26, U.S.Code, on any taxable income—does not prevent the Tax Commissioner or this court from applying the federal statutes as they are written.

{¶ 29} The BTA's conclusion is also supported by a federal regulation that amplifies the statutory provisions discussed above. According to Section 1.641(c)–1(c), Title 26, C.F.R., an ESBT that is also a grantor trust is taxed like an ordinary grantor trust: "[t]he grantor * * * includes" in his or her own taxable income those "items of income * * * attributable to * * * the ESBT under [Section 671, Title 26, U.S.Code]."

{¶ 30} Admittedly, that regulation is "applicable for taxable years of ESBTs that end on and after December 29, 2000." Section 1.641(c)–1(k), Title 26, C.F.R. David and Susan argue that the regulation does not apply to their trusts because the trusts sold the packaging company's shares on February 26, 2000. The *taxable year* in question for David and Susan's trusts ended on December 31, 2000, however, as is shown on the face of the federal income tax returns that they

filed for those trusts. Even if, as they contend, the ESBT status of their trusts ended once the packaging company's assets were sold by the trusts in February 2000, they have offered no separate tax returns suggesting that they treated the taxable year for the ESBTs as having ended on any date earlier than December 31, 2000. The regulation therefore *does* apply to them, and that regulation reinforces the conclusion that the BTA rightly drew from the relevant statutes: that David and Susan themselves owed state income tax on the income earned by their grantor trusts during tax year 2000.

## Conclusion

{¶ 31} The BTA's conclusion that income earned by a grantor trust is taxable to the grantor rather than to the trust itself—even if the trust is an ESBT—is supported by the relevant federal statutes. The BTA's decision is reasonable and lawful, and we therefore affirm it.

Decision affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON and LANZINGER, JJ., concur.

O'DONNELL, J., dissents.

---

**O'DONNELL, J., dissenting.**

{¶ 32} In 1998, David and Susan Knust created separate grantor trusts funded with shares of their packaging company, Precision Packaging & Services, Inc. At that time, they designated those trusts as "electing small business trusts" ("ESBTs") pursuant to Section 641(c), Title 26, U.S.Code. On February 26, 2000, David and Susan sold their shares of Precision Packaging, which resulted in the termination of both ESBTs as of that date. Because this sale terminated the trusts prior to the applicability of the Treasury Regulation upon which the majority relies, the income earned by the trust is not taxable to David and Susan individually. Accordingly, I respectfully dissent from the decision of the majority to the contrary.

{¶ 33} Section 443(a), Title 26, U.S.Code, provides:

{¶ 34} "A return for a period of less than 12 months (referred to in this section as 'short period') *shall* be made under any of the following circumstances:

{¶ 35} "(2) When the taxpayer is in existence during only part of what would otherwise be his taxable year." (Emphasis added.)

{¶ 36} The trusts in question terminated on February 26, 2000, and, therefore, their taxable year ended on that date. Treasury Regulation 1.641(c)–1(k), upon which the majority relies, is "applicable for taxable years of ESBTs that end *on and after* December 29, 2000." (Emphasis added.) Section 1.641(c)–1(k), Title 26,

C.F.R. Because the ESBTs had terminated prior to December 29, 2000, the Treasury Regulation does not apply to them. The majority attempts to circumvent this regulation and the plain language of Section 443(a) by stating that David and Susan "offered no separate tax returns suggesting that they treated the taxable year for the ESBTs as having ended on any date earlier than December 31, 2000." In my view, this point is not persuasive, because Section 443(a) provides that a "short period" tax return "shall be made" when a taxpayer ceases to exist during a tax year. The tax year in question, therefore, terminated when the taxpayer ceased to exist regardless of the date indicated on the tax return.

{¶ 37} Tellingly, the Internal Revenue Service did not demand that the taxpayer alter the ESBT returns to reflect the trust income as personal income. Because this case involves the application of a federal tax statute, and because the Internal Revenue Service did not require David or Susan to amend their tax returns as the Commissioner has, I would hold that the ESBT income is not taxable to David or Susan individually.

---

Taft, Stettinius & Hollister, L.L.P., and Stephen M. Nechemias, for appellants.

Jim Petro, Attorney General, Robert C. Maier, Senior Deputy Attorney General, and Barton A. Hubbard, Assistant Attorney General, for appellee.

Corsaro & Associates Co., L.P.A., and Joseph G. Corsaro, in support of neither party, for amici curiae, Rome P. Busa Jr. and Anthony J. Busa.