LOVELL ET AL., APPELLANTS, *v.* LEVIN, TAX COMMR., APPELLEE.

CALDWELL ET AL., APPELLANTS, *v.* LEVIN, TAX COMMR., APPELLEE.

VESTFALL ET AL., APPELLANTS, *v.* LEVIN, TAX COMMR., APPELLEE.

HUELSMAN ET AL., APPELLANTS, *v.* LEVIN, TAX COMMR., APPELLEE.

LOVELL, APPELLANT, *v.* LEVIN, TAX COMMR., APPELLEE.

[Cite as *Lovell v. Levin,* 116 Ohio St.3d 200, 2007-Ohio-6054.]

(Nos. 2007–0579, 2007–0580, 2007–0584, 2007–0586, and 2007–0589— Submitted November 7, 2007—Decided November 20, 2007.)

---

**Per Curiam.**

{¶ 1} Several Ohio taxpayers contend in these consolidated appeals that they should not be required to pay Ohio income tax on the income earned by trusts that they created. The Tax Commissioner and the Board of Tax Appeals ("BTA") concluded, however, that the trusts' income passed through the trusts and was taxable to the taxpayers themselves. That conclusion of the BTA was lawful, and we therefore affirm the BTA's decision in each of the taxpayers' cases.

## Facts and Procedural History

### Case No. 2007–0579

{¶ 2} Appellants Franklin and Melinda Lovell are a married couple who live in Cuyahoga County. In 1998, Franklin created the Franklin A. Lovell Jr. Small Business Trust and transferred 120 shares of stock in VRC, Inc. to the trust.

{¶ 3} VRC was a Subchapter S corporation (often referred to as an "S corporation"). As this court has explained, "Subchapter S of the Internal Revenue Code (Section 1361 et seq., Title 26, U.S.Code) permits the owners of qualifying corporations to elect a special tax status under which the corporation and its shareholders receive conduit-type taxation that is comparable to partner-

ship taxation." *Ardire v. Tracy* (1997), 77 Ohio St.3d 409, 674 N.E.2d 1155, fn. 1. "For tax purposes, a Subchapter S corporation differs significantly from a normal corporation in that the profits generated through the S corporation are taxed as personal income to the shareholders. The taxable income of an S corporation is computed essentially as if the corporation were an individual." Id.

{¶ 4} Franklin named himself as the sole trustee of his trust, and he designated that trust as an "electing small business trust" or "ESBT" under the Internal Revenue Code. See Section 641(c), Title 26, U.S.Code.

{¶ 5} On their joint Ohio income tax return for the year 2000, Franklin and Melinda Lovell did not report as personal income the income earned by the trust. The Tax Commissioner questioned that omission and issued a final determination in 2006, concluding that the trust's income should have been listed as taxable personal income on the Lovells' tax return.

{¶ 6} The Lovells challenged that decision before the BTA, which affirmed the Tax Commissioner's decision. The Lovells have now appealed to this court.

### Case No. 2007–0580

{¶ 7} Appellants Jack and Virginia Caldwell were a married couple who lived in Medina County. In 1998, Virginia created the Virginia V. Caldwell Small Business Trust and transferred shares of stock in Varbros Corporation and Varbros Tool & Die Company, Inc. to the trust. Those two corporations were Subchapter S corporations.

{¶ 8} Virginia named herself as the sole trustee of her trust, and she designated that trust as an electing small business trust under the Internal Revenue Code. See Section 641(c), Title 26, U.S.Code. In March 2001, Virginia signed a document terminating the trust as of December 27, 2000.

{¶ 9} On their joint Ohio income tax return for the year 2000, Jack and Virginia reported the trust's income as personal income of theirs and paid Ohio income tax on the trust's income. They then asked the Tax Commissioner to refund more than $105,000 that they had paid for tax year 2000, claiming that the income received by the trust that year should not have been treated by Ohio as taxable personal income to Jack and Virginia themselves.

{¶ 10} The Tax Commissioner issued a final determination in 2006 denying the Caldwells' refund claim for tax year 2000. They then challenged that decision before the BTA, which affirmed the Tax Commissioner's decision. The Caldwells have now appealed to this court.

### Case No. 2007–0584

{¶ 11} Appellants Frank and Christine Vestfall are a married couple who lived in Summit County. In 1999, Frank created the Frank C. Vestfall Small Business

Trust and transferred 100 shares of stock in Contractors Manufacturing Services, Inc. to the trust. Contractors Manufacturing Services is a Subchapter S corporation.

{¶ 12} Frank named himself as the sole trustee of his trust, and he designated that trust as an electing small business trust under the Internal Revenue Code. See Section 641(c), Title 26, U.S.Code. In March 2001, Frank signed a document terminating the trust as of December 27, 2000.

{¶ 13} On their joint Ohio income tax return for the year 2000, Frank and Christine Vestfall did not report as personal income the income earned by the trust. The Tax Commissioner questioned that omission and issued a final determination in 2006, concluding that the trust's income should have been listed as taxable personal income on the Vestfalls' tax return.

{¶ 14} The Vestfalls then challenged that decision before the BTA, which affirmed the Tax Commissioner's decision. The Vestfalls have now appealed to this court.

## Case No. 2007-0586

{¶ 15} Appellants William and Denise Huelsman were a married couple who lived in Cuyahoga County. In 1998, Denise created the Denise M. Huelsman Small Business Trust and transferred shares of stock in Varbros Corporation and Varbros Tool & Die Company, Inc. to the trust. Those two corporations were Subchapter S corporations.

{¶ 16} Denise named herself as the sole trustee of her trust, and she designated that trust as an electing small business trust under the Internal Revenue Code. See Section 641(c), Title 26, U.S.Code. In March 2001, Denise signed a document terminating the trust as of December 27, 2000.

{¶ 17} On their joint Ohio income tax return for the year 2000, William and Denise reported the trust's income as personal income and paid Ohio income tax on it. They then asked the Tax Commissioner to refund more than $105,000 that they had paid for tax year 2000, claiming that the income received by the trust that year should not have been treated by Ohio as taxable personal income to William and Denise themselves.

{¶ 18} The Tax Commissioner issued a final determination in 2006 denying the Huelsmans' refund claim for tax year 2000. They then challenged that decision before the BTA, which affirmed the Tax Commissioner's decision. The Huelsmans have now appealed to this court.

## Case No. 2007-0589

{¶ 19} Appellant Ellis Lovell lives in Cuyahoga County. In 1998, Lovell created the Ellis Y. Lovell Small Business Trust and transferred 120 shares of stock in VRC, Inc. to the trust. VRC, Inc. was a Subchapter S corporation.

{¶ 20} Lovell named himself as the sole trustee of his trust, and he designated that trust as an electing small business trust under the Internal Revenue Code. See Section 641(c), Title 26, U.S.Code.

{¶ 21} On his Ohio income tax return for the year 2000, Lovell did not report as personal income the income earned by the trust. The Tax Commissioner questioned that omission and issued a final determination in 2006, concluding that the trust's income should have been listed as taxable personal income on Lovell's tax return.

{¶ 22} Lovell then challenged that decision before the BTA, which affirmed the Tax Commissioner's decision. Lovell has now appealed to this court.

## Standard of Review

{¶ 23} In reviewing a BTA decision, this court looks to see whether that decision was "reasonable and lawful." *Columbus City School Dist. Bd. of Edn. v. Zaino* (2001), 90 Ohio St.3d 496, 497, 739 N.E.2d 783; R.C. 5717.04. This court "will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion." *Gahanna–Jefferson Local School Dist. Bd. of Edn. v. Zaino* (2001), 93 Ohio St.3d 231, 232, 754 N.E.2d 789. But "[t]he BTA is responsible for determining factual issues and, if the record contains reliable and probative support for these BTA determinations," this court will affirm them. *Am. Natl. Can Co. v. Tracy* (1995), 72 Ohio St.3d 150, 152, 648 N.E.2d 483.

{¶ 24} The burden of proof rests on the taxpayer "to show the manner and extent of the error in the Tax Commissioner's final determination." *Stds. Testing Laboratories, Inc. v. Zaino*, 100 Ohio St.3d 240, 2003-Ohio-5804, 797 N.E.2d 1278, ¶ 30. The Tax Commissioner's findings "are presumptively valid, absent a demonstration that those findings are clearly unreasonable or unlawful." *Nusseibeh v. Zaino*, 98 Ohio St.3d 292, 2003-Ohio-855, 784 N.E.2d 93, ¶ 10.

## Analysis

{¶ 25} We must determine in this case whether the income earned in the year 2000 by the appellants' trusts was part of the appellants' own adjusted gross income for that year. We conclude that it was.

{¶ 26} This court resolved a nearly identical dispute last year, and our holding in that case dictates the outcome in this one. In that earlier case—*Knust v. Wilkins*, 111 Ohio St.3d 331, 2006-Ohio-5791, 856 N.E.2d 243—we held that "income earned by a grantor trust is taxable to the grantor rather than to the trust itself—even if the trust is an ESBT." Id. at ¶ 31.

{¶ 27} The appellants acknowledge in their briefs that their ESBT trusts were in fact grantor trusts, meaning that they were trusts over which the creators of the trusts retained substantial control. See Black's Law Dictionary (8th Ed.2004)

1549 (defining "grantor trust" as a "trust in which the settlor retains control over the trust property or its income to such an extent that the settlor is taxed on the trust's income"). As we explained in *Knust*, the special ESBT status that some taxpayers like the appellants chose for their trusts "does not change the ordinary requirement that the grantor trust's income is taxed to the grantor and not to the trust itself." *Knust* at ¶ 25.

{¶ 28} Nonetheless, the appellants argue that *Knust* should not control the outcome in these cases. The appellants point first to the fact that some or all of them terminated their trusts before December 29, 2000, when a federal regulation that we cited in *Knust* took effect. However, as we explained in *Knust*, that regulation—Section 1.641(c)–1(c), Title 26, C.F.R.—simply "reinforces" the conclusion that we and the BTA had drawn from the relevant statutes. *Knust*, 111 Ohio St.3d 331, 2006-Ohio-5791, 856 N.E.2d 243, at ¶ 30. The regulation, by its terms, is "applicable for taxable years of ESBTs that end on and after December 29, 2000." But as we noted, that regulation merely "amplifies" the long-standing statutory provisions that we cited in that case. Id. at ¶ 29.

{¶ 29} According to our holding in *Knust*:

{¶ 30} "[T]he income earned by a grantor trust passes through to the grantor and is taxed to him or her under Sections 671 to 679, Title 26, U.S.Code. * * *

{¶ 31} "Nothing in the statutory provision cited by [the appellants in *Knust* and in these cases]—Section 641(c), Title 26, U.S.Code—suggests that that principle changes when the grantor trust is designated as an ESBT. That statute simply says that when an income tax is imposed on a trust, that tax is to be calculated in a specified way if the trust is an ESBT. Where, as in this case, no income tax is imposed on the trust, however, the statute does not come into play." *Knust* at ¶ 24, 25.

{¶ 32} The federal regulation that took effect on December 29, 2000, was not, in other words, the basis for our holding in *Knust*. We instead in that case applied the federal statutes "as they are written," *Knust* at ¶ 28, and we held that the BTA's decision that income earned by a grantor trust is taxable to the grantor rather than to the trust itself—even if the trust is an ESBT—was "consistent with the relevant provisions of the Internal Revenue Code." Id. at ¶ 26. The appellants' focus in these appeals on the regulation's effective date is misplaced because the statutes on which we relied in *Knust* were undeniably in effect throughout tax year 2000. Those statutes dictated the outcome in that case and in these appeals, and as a result of those statutes, the appellants "themselves owed state income tax on the income earned by their grantor trusts during tax year 2000." *Knust* at ¶ 30.

{¶ 33} The appellants next contend that any ambiguity in the relevant federal statutes should be resolved in their favor. We never found any ambiguity in the

relevant federal statutes in *Knust*, however, and we find no ambiguity in those same statutes in these appeals. We examined Sections 671 to 679, Title 26, U.S.Code, in *Knust* and explained that "a grantor trust can elect ESBT status, but that status does not change the ordinary requirement that the grantor trust's income is taxed to the grantor and not to the trust itself." *Knust* at ¶ 25. In the absence of any ambiguity in the relevant federal statutes, our duty in these appeals is to apply the statutes as written, just as we did in *Knust*. See *State v. Kreischer*, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, ¶ 12 ("When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for this court to apply rules of statutory interpretation").

{¶ 34} The appellants also allege that the imposition of Ohio income tax on them violates the Supremacy Clause in Clause 2, Article VI of the United States Constitution, which designates the Constitution itself and all federal laws and treaties as the "supreme Law of the Land." The appellants failed, however, to raise this constitutional claim in the notices of appeal that they filed at the BTA after the Tax Commissioner issued his final determinations in their cases.

{¶ 35} "For more than 50 years, this court's decisions interpreting the specificity requirement of R.C. 5717.02 have made clear that a notice of appeal filed with the BTA must explicitly and precisely recite the errors contained in the Tax Commissioner's final determination." *Cousino Constr. Co. v. Wilkins*, 108 Ohio St.3d 90, 2006-Ohio-162, 840 N.E.2d 1065, ¶ 41. We have also explained that any alleged errors not specified in the notice of appeal are not reviewable by the BTA or by this court. See, e.g., *Castle Aviation, Inc. v. Wilkins*, 109 Ohio St.3d 290, 2006-Ohio-2420, 847 N.E.2d 420, ¶ 44 ("This court can consider claims of error only when they were properly raised before the BTA"); *Cleveland Elec. Illum. Co. v. Lindley* (1982), 69 Ohio St.2d 71, 75, 23 O.O.3d 118, 430 N.E.2d 939 ("Under R.C. 5717.02, a notice of appeal does not confer jurisdiction upon the Board of Tax Appeals to resolve an issue, unless that issue is clearly specified in the notice of appeal"); *Lenart v. Lindley* (1980), 61 Ohio St.2d 110, 114, 15 O.O.3d 152, 399 N.E.2d 1222 ("R.C. 5717.02 is a jurisdictional enactment and * * * adherence to the conditions and procedure set forth in the statute is essential"); *Queen City Valves, Inc. v. Peck* (1954), 161 Ohio St. 579, 583, 53 O.O. 430, 120 N.E.2d 310, quoting Black's Law Dictionary (4th Ed.1951) (R.C. 5717.02 requires the appellant to "specify" any alleged errors, and "specify" means " 'to mention specifically; to state in full and explicit terms; to point out; to tell or state precisely or in detail; to particularize; or to distinguish by words one thing from another' ").

{¶ 36} To be sure, the "question of whether a tax statute is unconstitutional on its face may be raised initially in the Supreme Court or the court of appeals,"

even if that question was "not previously raised before the Board of Tax Appeals." *Cleveland Gear Co. v. Limbach* (1988), 35 Ohio St.3d 229, 520 N.E.2d 188, paragraph two of the syllabus. The appellants, however, do not cite in their briefs any state or federal statutes that they believe are facially unconstitutional. Several of the appellants claim instead that they are raising a facial challenge to the assessments issued to them by the Tax Commissioner, but of course those assessments reflect the Tax Commissioner's *application* of state tax laws to their particular circumstances. The appellants are not claiming that the state or federal tax statutes cited in our *Knust* decision "always operate[ ] unconstitutionally." Black's Law Dictionary (8th Ed.2004) 244 (defining "facial challenge").

{¶ 37} In short, the appellants' constitutional claim grounded in the Supremacy Clause presents no facial challenge to a state or federal statute. Because the appellants failed to raise that claim in the notices of appeal that they filed at the BTA, they are barred from raising it in this court now.

{¶ 38} Finally, the appellants allege that the "maverick" Tax Commissioner has engaged in improper "rulemaking" by directing them to pay income taxes on the income earned by their grantor trusts. The argument is invalid for the reasons explained in *Knust*. The Tax Commissioner simply applied the law to these appellants as we did to the appellant in that earlier case. Nothing about the Tax Commissioner's actions suggests that he has flouted state or federal law as the appellants claim.

## Conclusion

{¶ 39} We held in *Knust* that "income earned by a grantor trust is taxable to the grantor rather than to the trust itself * * * even if the trust is an ESBT." *Knust* at ¶ 31. The BTA applied that straightforward decision to the appellant taxpayers in these consolidated appeals. Because the BTA's decisions were reasonable and lawful, we affirm them.

Decisions affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

O'DONNELL, J., dissents for the reasons stated in his dissenting opinion in *Knust v. Wilkins*, 111 Ohio St.3d 331, 2006-Ohio-5791, 856 N.E.2d 243.

---

Corsaro & Associates Co., L.P.A., Joseph G. Corsaro, and Samuel J. Lauricia III, for appellants.

Marc Dann, Attorney General, and Barton A. Hubbard, Assistant Attorney General, for appellee.