OPINION
{¶ 1} General Commodities Candy Tobacco, LLC, appellant, appeals from an order of Richard A. Levin, Tax Commissioner, Ohio Department of Taxation, ("commissioner"), appellee, in which the Ohio Board of Tax Appeals ("BTA") dismissed appellant's appeal to the BTA.
 {¶ 2} Appellant is a Kentucky business that sells cigarettes at its own retail stores and other stores in Ohio and other states. On July 1, 2005, a new cigarette tax increase *Page 2 
took effect. On July 28, 2005, appellant filed its Ohio cigarette floor stock tax return, reflecting no tax liability. Appellant admitted that it had purchased a large quantity of cigarette stamps shortly before the effective date of the tax increase but claimed such was to facilitate a large single sale of cigarettes completed by the close of business on June 30, 2005, and, as of July 1, 2005, it had no stamps or cigarettes in its possession.
 {¶ 3} After an audit, the commissioner issued a notice of assessment, assessing appellant a cigarette tax of $2,067,975, inclusive of interest and penalties, based upon the conclusion that appellant had Ohio cigarette tax stamps or cigarettes in its possession as of July 1, 2005. The commissioner found insufficient evidence that appellant had sold the stamps and cigarettes by June 30, 2005. Appellant filed a petition for reassessment pursuant to R.C. 5743.081. On July 24, 2007, the commissioner filed a final determination, affirming the original assessment. On September 21, 2007, appellant filed a notice of appeal with the BTA. The commissioner filed a motion to dismiss appellant's appeal, claiming appellant had failed to set forth, with sufficient specificity, the basis for appeal in the notice of appeal. On January 18, 2008, the BTA granted the commissioner's motion to dismiss. Appellant filed a motion for reconsideration, which the BTA denied on January 30, 2008. Appellant appeals the order of the BTA, asserting the following assignment of error:
 The Board of Tax Appeals erred in granting Appellee's motion to dismiss because Appellant's notice of appeal set forth its basis of appeal with specificity sufficient to satisfy the requirements of R.C. § 5717.02.
 {¶ 4} Appellant argues in its assignment of error that the BTA erred when it dismissed appellant's notice of appeal for failing to set forth its basis of appeal with the specificity required by R.C. 5717.02. In reviewing a BTA decision, this court looks to see if *Page 3 
that decision was "reasonable and lawful." Columbus City School Dist.Bd. of Edn. v. Zaino (2001), 90 Ohio St.3d 496, 497; see R.C. 5717.04. The court will not hesitate to reverse a BTA decision that is based on an incorrect legal conclusion. Gahanna-Jefferson Local School Dist. Bd.of Edn. v. Zaino (2001), 93 Ohio St.3d 231, 232. But the BTA is responsible for determining factual issues and, if the record contains reliable and probative support for these BTA determinations, this court will affirm those determinations. Am. Natl. Can Co. v. Tracy (1995),72 Ohio St.3d 150, 152. Subject-matter jurisdiction is a question of law, which we review de novo. Hills Dales v. Ohio Dept. of Edn., Franklin App. No. 06AP-1249, 2007-Ohio-5156, at ¶ 16.
 {¶ 5} R.C. 5717.02 provides, in pertinent part:
 * * * The notice of appeal shall have attached thereto and incorporated therein by reference a true copy of the notice sent by the commissioner or director to the taxpayer, enterprise, or other person of the final determination or redetermination complained of, and shall also specify the errors therein complained of, but failure to attach a copy of such notice and incorporate it by reference in the notice of appeal does not invalidate the appeal.
 {¶ 6} The requirement to specify each error in a notice of appeal to the BTA is mandatory. Satullo v. Wilkins, 111 Ohio St.3d 399,2006-Ohio-5856, at ¶ 23. "For more than 50 years, this court's decisions interpreting the specificity requirement of R.C. 5717.02 have made clear that a notice of appeal filed with the BTA must explicitly and precisely recite the errors contained in the Tax Commissioner's final determination." Cousino Constr. Co. v. Wilkins, 108 Ohio St.3d 90,2006-Ohio-162, at ¶ 41. Therefore, under R.C. 5717.02, a notice of appeal does not confer jurisdiction upon the BTA to resolve an issue, unless that issue is clearly specified in the notice of appeal.Lovell v. Levin, 116 Ohio St.3d 200, 2007-Ohio-6054, at ¶ 35. Under the wording of R.C. 5717.02, *Page 4 
the BTA is entitled to be advised specifically of the various errors charged to the commissioner. Queen City Valves v. Peck (1954),161 Ohio St. 579, 583. The statute requires in plain language that the errors complained of be specified. Id. The word "specify," means to mention specifically, to state in full and explicit terms, to point out, to tell or state precisely or in detail, to particularize, to distinguish by words one thing from another, or to mention or name in a specific or explicit manner. Id., citing Black's Law Dictionary (4th
Ed.) and Webster's New International Dictionary (2nd
Ed.). The BTA is not required to decipher a notice of appeal. Gen.Motors Corp. v. Wilkins, 102 Ohio St.3d 33, 2004-Ohio-1869, at ¶ 74. While the Ohio Supreme Court has stated that it is not disposed to deny review by a hypertechnical reading of the notice, the notice is required to "specify" the errors complained of, which means that they are to be "clearly" and "distinctly" set forth. Id., citing MCI TelecommunicationsCorp. v. Limbach (1994), 68 Ohio St.3d 195.
 {¶ 7} In the present case, appellant's notice of appeal provided, in its entirety:
 Pursuant to Ohio Revised Code § 5717.02, notice is hereby given that Appellant, General Commodities Candy Tobacco, LLC, hereby appeals to the Board of Tax Appeals for the State of Ohio from the Final Determination made by the Tax Commissioner for the State of Ohio dated July 24, 2007 (the "Assessment"), a copy of which is attached hereto and incorporated herein by this reference. This appeal is being taken because the assessment is not supported by application of Ohio Revised Code § 5743.02 et seq. and other relevant laws and regulations to the facts of the case.
 This Notice of Appeal is timely filed pursuant to Ohio Revised Code § 5717.02 because it has been filed within sixty (60) days after the Final Determination.
 {¶ 8} Based upon the well-established case law outlined above, we cannot conclude that appellant's notice of appeal "specified" "clearly" and "distinctly" the error(s) complained of. The language employed by the Ohio Supreme Court is unambiguous. A *Page 5 
party appealing from a commissioner's determination must set forth its specific argument. The notice of appeal filed by appellant set forth no specific argument as to how the tax commissioner erred or why the assessment was erroneous.
 {¶ 9} Appellant counters that its notice of appeal was sufficient for several reasons. First, appellant contends the notice identified, by statutory reference, the tax that it was appealing. Specifically, appellant's notice of appeal indicated that the appeal was being taken because the assessment was not supported by application of "[R.C.] 5743.02 et seq. and other relevant laws and regulations." Preliminarily, we find "other relevant laws and regulations" and "et seq." to be insufficiently specific, when considered in light of Ohio Supreme Court precedent.
 {¶ 10} Although appellant did cite R.C. 5743.02 in its notice of appeal, this statute grants the basic authority for the excise tax on cigarettes, and the citation to such a general provision provides no indication of appellant's specific arguments. To conclude that the citation to R.C. 5743.02 qualifies as specification of the claimed error would render the requirement impotent, as any party appealing a cigarette tax assessment could simply cite to R.C. 5743.02 for any claimed error. A notice of appeal to the BTA that uses language so broad and general that it might be employed in nearly any case is insufficient to meet the demands of R.C. 5717.02. Queen City, at syllabus. The purpose of specifying error to the BTA is to put the tax commissioner on notice as to the issues that will be contested. Castle Aviation, Inc. v.Wilkins, 109 Ohio St.3d 290, 2006-Ohio-2420, at ¶ 39. To permit such a vague reference to the general statutory sections, as appellant did here, would fail in its essential purpose to put the commissioner on notice of the party's claimed errors. Therefore, this argument is without merit. *Page 6 
 {¶ 11} Appellant also contends that, under the particular circumstances of this case, its notice of appeal was sufficient. Appellant points out there was only a single issue in the present case: whether it had cigarettes or stamps in its possession as of July 1, 2005. Appellant urges that, when there is only a single issue, as here, the claimed error is clear, and no further specification in the notice of appeal should be necessary. Although this reasoning has some logical appeal, we find no authority to support such an exception to the rule that the errors must be explicitly identified, and appellant points us toward no authority for its proposition. Therefore, we must reject this contention.
 {¶ 12} Appellant also argues that the notice was sufficient because it incorporated by reference the final determination of the tax commissioner, which clearly set forth the sole issue in dispute. However, appellant's argument is unpersuasive. R.C. 5717.02 requires both that a copy of the final determination be attached to and incorporated by reference into the notice of appeal and that the party specify the errors complained of. To find the former requirement satisfies the latter requirement would be to render the latter requirement superfluous. A basic rule of statutory construction requires that words in statutes should not be construed to be redundant, nor should any words be ignored. East Ohio Gas Co. v. Pub. Util. Comm.
(1988), 39 Ohio St.3d 295, 299. Moreover, statutory language must be construed as a whole and given such interpretation as will give effect to every word and clause in it. Proctor v. Orange Barrel Media,L.L.C., Franklin App. No. 06AP-762, 2007-Ohio-3218, at ¶ 16. No part should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative. State ex rel. Myers v. Bd. of Edn. of RuralSchool Dist. of Spencer Twp. Lucas Cty., Ohio (1917), 95 Ohio St. 367,372-373. Here, the *Page 7 
statute explicitly requires an appealing party both to incorporate by reference the final determination into the notice of appeal and to specify any error, and a construction that negates a party's responsibility to specify the error so long as the party incorporated the final determination by reference into the notice of appeal would necessarily render the specificity requirement meaningless. Therefore, that appellant attached a copy of the final determination to its notice of appeal and incorporated the final determination by reference into its notice of appeal did not absolve it from the requirement to specifically set forth its claimed errors.
 {¶ 13} Appellant protests that to prohibit an appeal to the BTA under these circumstances is harsh, given the single, narrow issue involved, which the BTA itself acknowledged it understood. We cannot wholly disagree. However, we find no authority that would support a less stringent reading of R.C. 5717.02, and the Ohio Supreme Court's adherence to a rigid construction of the requirement for specificity has been decidedly unyielding. Based on this precedent, we find no error in the BTA's decision to dismiss appellant's appeal, and appellant's assignment of error is overruled.
 {¶ 14} Accordingly, appellant's assignment of error is overruled, and the order of the Ohio Board of Tax Appeals is affirmed.
 Order affirmed. FRENCH and TYACK, JJ., concur. *Page 1