[This opinion has been published in *Ohio Official Reports* at 85 Ohio St.3d 350.]

DUPEE ET AL., APPELLANTS, *v.* TRACY, TAX COMMR., APPELLEE.

[Cite as *Dupee v. Tracy*, 1999-Ohio-382.]

*Taxation—Income tax—Distributive share income nonresident shareholders of an Ohio S corporation receive and report as part of their federal adjusted gross income is subject to Ohio personal income tax.*

(No. 98-255—Submitted February 10, 1999—Decided April 28, 1999.)

APPEAL from the Board of Tax Appeals, No. 96-K-300.

_____

{¶ 1} Appellants, David B. Dupee and Katherine O. Dupee, contest the Board of Tax Appeals' ruling which denied their claims for Ohio income tax refunds for the years 1989, 1990, and 1991. The stipulated facts reveal that during the tax years in question, appellants were Florida residents who were shareholders of and received salaries from an Ohio corporation, Olsten of Cincinnati, Inc. ("Olsten"). Olsten operated under a subchapter "S corporation" election, and for each tax year, the corporation filed form IT-1120-S "Notice of S Corporation Status" with the Ohio Department of Taxation.

{¶ 2} In filing their federal and Ohio tax returns, appellants included their distributive shares of Olsten income in their federal and Ohio adjusted gross income. Appellants also apportioned their distributive share of Olsten's income to Ohio on their original Ohio tax returns. However, appellants subsequently claimed that they were entitled to a nonresident credit and filed refund claims to exclude all of the Olsten distributive share income from Ohio income taxation. The commissioner disallowed the refund claims.

{¶ 3} Appellants appealed the commissioner's Final Determination to the Board of Tax Appeals ("BTA"). The BTA affirmed the commissioner's order, holding that since Olsten was designated an S corporation, the income the

corporation generates is considered to be earned or received by appellants and is treated as personal income to appellants.

{¶ 4} The cause is now before this court upon an appeal as of right.

———————————

*Katz, Teller, Brant & Hild* and *William F. Russo*, for appellants.

*Betty D. Montgomery,* Attorney General, and *Robert C. Maier,* Assistant Attorney General, for appellee.

———————————

**FRANCIS E. SWEENEY, SR., J.**

{¶ 5} In this case, we are asked to decide whether the distributive share income nonresident shareholders of an Ohio S corporation receive and report as part of their federal adjusted gross income is subject to Ohio personal income tax. For the reasons that follow, we answer this question in the affirmative. Accordingly, we affirm the decision of the BTA.

{¶ 6} R.C. 5747.02 imposes an income tax on every individual residing in or earning or receiving income in Ohio. Appellants contend that they are not subject to Ohio income tax because, as residents of Florida, they could not have earned or received S corporation income generated in Ohio. Instead, appellants claim that their distributive share of the S corporation's income was earned or received by Olsten. Consequently, appellants claim that they are entitled to nonresident tax refunds under R.C. 5747.05(A).

{¶ 7} In making these arguments, appellants ignore the distinguishing characteristic of an Ohio S corporation and the effect an S corporation election has on individual shareholder income tax liability. Essentially, an S corporation is considered a "flow-through" entity whereby the income and losses of the business are nontaxable to the corporation, but instead flow through to the individual shareholders. In *Ardire v. Tracy* (1997), 77 Ohio St.3d 409, 674 N.E.2d 1155, fn. 1, we discussed this concept when we stated:

"Subchapter S of the Internal Revenue Code (Section 1361 *et seq.*, Title 26, U.S.Code) permits the owners of qualifying corporations to elect a special tax status under which the corporation and its shareholders receive conduit-type taxation that is comparable to partnership taxation. *For tax purposes, a Subchapter S corporation differs significantly from a normal corporation in that the profits generated through the S corporation are taxed as personal income to the shareholders.* The taxable income of an S corporation is computed essentially as if the corporation were an individual. Section 1363, Title 26, U.S.Code. Items of income, loss, deduction, and credit are then passed through to the shareholders on a pro rata basis and are added to or subtracted from each shareholder's gross income. See, generally, Section 1366, Title 26, U.S.Code." (Emphasis added.)

{¶ 8} The fact that appellants are nonresident shareholders of an Ohio corporation does not render them incapable of earning or receiving income in Ohio. The character of a shareholder's S corporation income remains the same for residents and nonresidents. The Internal Revenue Code provides, in Section 1366(b), Title 26, U.S.Code, that "[t]he character of any item included in a shareholder's pro rata share [of the S corporation's income] shall be determined as if such item were realized directly from the source from which realized by the corporation, or incurred in the same manner as incurred by the corporation." Thus, the shareholder's income is treated the same as that of the corporation regardless of whether the shareholders are residents or nonresidents. In this case, since the income was generated in an Ohio business activity by an S corporation, the income is taxable as personal income to appellants.

{¶ 9} Section 1366(c), Title 26, U.S.Code provides further support that Ohio's adjusted gross income includes distributive share income derived from an Ohio S corporation. This section provides that "[i]n any case where it is necessary to determine the gross income of a shareholder for purposes of this title, such gross income shall include the shareholder's pro rata share of the gross income of the

corporation." Since R.C. 5747.01(A) defines "adjusted gross income" as adjusted gross income under the Internal Revenue Code, Ohio's definition of "adjusted gross income" includes the shareholder's distributive share of income generated by an Ohio S corporation.[1]

{¶ 10} Consequently, by virtue of the S election, we find that the distributive share income that was generated in an Ohio business activity is income earned or received by appellants, nonresident shareholders of the S corporation, and is taxable to them as individual shareholders. Thus, S corporation income listed in the shareholders' federal adjusted gross income must also be listed in their Ohio adjusted gross income.

{¶ 11} Appellants also argue that their distributive share income is nonbusiness income and that it is to be allocated to their state of domicile pursuant to R.C. 5747.20(B)(6). Furthermore, they state that the General Assembly's failure to include S corporations in R.C. 5747.22 should be interpreted to mean that an S corporation shareholder's distribution is not business income.

{¶ 12} We have held that "[f]ailure to include errors in the notice of appeal to the BTA results in the BTA's lack of jurisdiction over the errors and the court's inability to review such errors." *Buckeye Internatl., Inc. v. Limbach* (1992), 64 Ohio St.3d 264, 267, 595 N.E.2d 347, 349. The notice of appeal to the BTA essentially listed as error the issue of whether nonresident shareholders of Ohio S corporations earn or receive such income in Ohio and are subject to Ohio tax. Since the notice of appeal did not specify the above remaining arguments, we are without jurisdiction to address them.

---

1. The legislative history behind Ohio's treatment of S corporations also supports this conclusion. In 1985, the General Assembly, in Am.Sub.S.B. No. 121, made several changes to R.C. Chapter 5747. 141 Ohio Laws, Part I, 306. Prior to this time, S corporations were subject to franchise taxes. However, Am.Sub.S.B. No. 121 exempted S corporations from the franchise tax and amended the provision that excluded S corporation distributive share income from Ohio adjusted gross income. See former R.C. 5733.01(C), 5747.01(A), 5747.01(S)(5).

**{¶ 13}** For the above reasons, we find that the decision of the BTA is neither unlawful nor unreasonable.  Accordingly, we affirm the decision of the BTA.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____