BROWN ET AL., APPELLANTS, v. LEVIN, TAX COMMR., APPELLEE.

[Cite as *Brown v. Levin*, 119 Ohio St.3d 335, 2008-Ohio-4081.]

(No. 2007–1718—Submitted May 6, 2008—Decided August 19, 2008.)

---

LUNDBERG STRATTON, J.

{¶ 1} In this case, the appellants-taxpayers raise a substantive issue that this court has twice addressed, both times deciding against the position of the taxpayers. *Knust v. Wilkins*, 111 Ohio St.3d 331, 2006-Ohio-5791, 856 N.E.2d 243; *Lovell v. Levin*, 116 Ohio St.3d 200, 2007-Ohio-6054, 877 N.E.2d 667. The Board of Tax Appeals ("BTA") concluded that our decision in *Knust* was dispositive, and it summarily affirmed the Tax Commissioner's assessment with-

---

2. We also deny respondent's request to seal the statement of the mitigating factors in the board's report.

out allowing the Browns to complete discovery and present evidence at a hearing. The Browns argue that the BTA had a statutory duty to permit discovery and to hold a hearing. Under the particular circumstances presented, we disagree, and we affirm the decision of the BTA.

## I

{¶ 2} Keith A. Brown and Noel P. Brown (the latter now deceased) were husband and wife and filed a joint Ohio tax return for tax year 2000. In that return, they reported their adjusted gross income for that year, but that figure did not include the Browns' distributive share of income from several corporations whose shares were held by the Keith A. Brown Revocable Living Trust. To the extent that it owned those shares, the trust constituted an "electing small business trust" ("ESBT") under the Internal Revenue Code. Pursuant to an election under Subchapter S of the Internal Revenue Code, the income of those corporations "flowed through" to the shareholders. See *Dupee v. Tracy* (1999), 85 Ohio St.3d 350, 351, 708 N.E.2d 698.

{¶ 3} The Browns omitted the distributive-share income from their joint personal income tax return on the theory that the income constituted income of the trust, reportable under federal law through a return filed by the trust. Because the Browns did not include the distributive-share income in their federal adjusted gross income, the Browns reasoned that that income did not form part of their Ohio adjusted gross income either.[1] Accordingly, they omitted to include that income on the particular line of the Ohio tax form where that amount should have been disclosed. The propriety of excluding the distributive-share income from federal and Ohio adjusted gross income is the main substantive issue that the Browns attempted to raise at the Board of Tax Appeals ("BTA").[2]

{¶ 4} The Tax Commissioner issued an assessment that added back the distributive-share income into Ohio adjusted gross income. The assessment rested on the Tax Commissioner's view that because the trust was a "grantor trust" under the Internal Revenue Code, its income flowed through to the

---

1. Because Ohio's income tax did not subject trusts to income taxation in 2000, the distributive-share income would have completely escaped Ohio income taxation had the Browns' theory been correct.

2. The issue is one of substantive federal tax law: whether the Internal Revenue Code required inclusion of the distributive-share income in the federal (and hence also the Ohio) adjusted gross income of the grantor of the trust. It is not in dispute that the Tax Commissioner had state-law authority to require the Browns to disclose the information on the tax form. R.C. 5747.08 (requiring the filing of income tax returns), R.C. 5747.18(A) (authorizing the Tax Commissioner to prescribe income tax forms), and R.C. 5747.19 (prohibiting taxpayers from knowingly filing or causing to be filed an "incomplete" or "false" return). These statutes plainly conferred authority on the commissioner to require the information to be disclosed, even if that official's interpretation of federal law had subsequently been held to be incorrect.

grantor/beneficiary, Keith Brown. Upon review, the commissioner upheld his assessment on the following basis: "Pursuant to *Knust v. Wilkins* (Oct. 14, 2005), BTA No. 2004–M–533, unreported, appeal pending Sup.Ct. No. 2005–2084 [111 Ohio St.3d 331, 2006-Ohio-5791, 856 N.E.2d 243], an ESBT election does not supersede the applicability of the grantor trust rules and the income and gains from the trust are includable on the petitioners' 2000 Individual Income Tax Return."

{¶ 5} The Browns appealed to the BTA, setting forth the following as their sole specification of error: "This appeal is being taken because the assessment is not supported by a proper application of Ohio Revised Code § 5747.02 and other applicable laws." At the BTA, the Browns served written discovery requests on the Tax Commissioner. The Tax Commissioner filed a motion asking the BTA to hold the case in abeyance pending this court's decision in the appeal of the *Knust* case. The Browns opposed the motion, and in an order dated November 3, 2006, the BTA denied the motion. The BTA's order also stated that the commissioner "is expected to respond to appellants' discovery requests within the dictates of the discovery rules." Apparently, the commissioner never responded to the discovery requests.

{¶ 6} On November 22, 2006, we decided *Knust v. Wilkins*, 111 Ohio St.3d 331, 2006-Ohio-5791, 856 N.E.2d 243, affirming the BTA's disposition. We recited the general federal-law principle that "the income earned by a grantor trust passes through to the grantor and is taxed to him or her," and we held that "[n]othing in [the ESBT provision] suggests that that principle changes when the grantor trust is designated as an ESBT." Id. at ¶ 24, 25. We also held that the "failure of the Internal Revenue Service to insist that the returns be changed to reflect the trust income as personal income * * * does not prevent the Tax Commissioner or this court from applying the federal statutes as they are written." Id. at ¶ 28.

{¶ 7} On December 8, 2006, the BTA issued an order in this case requiring the Browns to show cause why the Tax Commissioner's assessment should not be affirmed on the authority of this court's decision in *Knust*. The Tax Commissioner urged affirmance; the Browns opposed affirmance based upon two contentions. First, the Browns argued that the facts of their case materially differed from those of *Knust*, claiming that Keith A. Brown had terminated the trust on December 28, 2000, the day before a federal regulation became effective that supported the Tax Commissioner's position.[3] Second, the Browns argued that *Knust* was wrongly decided and that they should have the opportunity to prove that to be true. Additionally, the Browns recited that they had "not received any

---

3. In *Lovell v. Levin*, 116 Ohio St.3d 200, 2007-Ohio-6054, 877 N.E.2d 667, at ¶ 28, we applied the holding of *Knust* to a case presenting that sequence. Accordingly, *Lovell* foreclosed this aspect of the Browns' argument.

discovery," and they asked that the BTA hold the show-cause order in abeyance until completion of "meaningful discovery."

{¶ 8} On August 17, 2007, the BTA issued its decision. The BTA stated that it had already decided in another case that the factual distinction asserted by the Browns was not material. The BTA did not separately address the Browns' allegation that *Knust* was wrongly decided. Instead, the BTA proceeded to affirm the Tax Commissioner's assessment "based on the preponderance of evidence in the record before us."

{¶ 9} The Browns appealed, and they contend that they were entitled to complete discovery and to present their evidence at a hearing. In the alternative, they seek a ruling that we erred when we decided *Knust.*

## II

{¶ 10} As the foregoing recitation indicates, our holding in *Knust* appears to resolve the substantive legal issue that the Browns assert. But the Browns point to the unmistakable mandate of R.C. 5717.02: when a taxpayer appeals a determination of the Tax Commissioner to the BTA, that body "upon the application of any interested party * * * *shall* order the hearing of additional evidence." Moreover, the BTA's rules state that certain forms of discovery "may be permitted" by the BTA, subject to the Rules of Civil Procedure where those rules are not inconsistent with other BTA rules. Ohio Adm.Code 5717-1-11(A).

{¶ 11} The duty to hold a hearing upon application, along with the general existence of a right to pursue discovery, furnishes the Browns with a strong initial argument in support of their position. We agree as a general matter that the BTA has no power analogous to that of a court in a civil action to grant summary judgment under Civ.R. 56 or dismissal for failure to state a claim under Civ.R. 12(B)(6). Indeed, the BTA has acknowledged this legal precept in its decisions. See, e.g., *Weastec, Inc. v. Highland Cty. Bd. of Revision* (Interim Order, Jan. 18, 2008), BTA No. 07–H–884, 2008 WL 291887 at 2 (the BTA has "on multiple occasions" held that it "has no authority to grant a motion for summary judgment"). Ordinarily, then, a party to a BTA appeal from a final determination of the Tax Commissioner may obtain a hearing upon request in spite of considerations that might lead to summary disposition in a civil case.

{¶ 12} Given this background, the question arises in this case whether the BTA violated R.C. 5717.02 and arrogated powers it does not possess when it summarily affirmed the Tax Commissioner's determination.

## III

### A

{¶ 13} The propriety of summary affirmance cannot be decided without reference to another mandate set forth in R.C. 5717.02. The second paragraph of that

section requires the appellant to attach the Tax Commissioner's final determination to the notice of appeal, and then states that the appellant must "specify the errors therein complained of." In this case, the notice of appeal comes closest to specifying error with the following sentence: "This appeal is being taken because the assessment is not supported by a proper application of Ohio Revised Code § 5747.02 and other applicable laws."

{¶ 14} Because the Tax Commissioner relied on the BTA's decision in *Knust* when he upheld the assessment against the Browns, and because the *Knust* appeal from the BTA's decision was pending before this court at the time the Tax Commissioner issued his final determination, the BTA could have construed the Browns' notice of appeal as a request that if this court reversed the BTA's decision in *Knust*, the Browns should enjoy the benefit of that legal ruling. Indeed, to construe the notice of appeal in that way would comport with the fact that this case is one of a large number of cases that were pending before the BTA in anticipation of our decision in the *Knust* appeal.

{¶ 15} To the extent that the Browns' appeal in essence sought the benefit of a possible reversal in *Knust*, summary affirmance would have been appropriate once this court had affirmed the BTA in *Knust* rather than reversing. Quite simply, there would have been nothing to accomplish by holding a hearing and taking additional evidence if the only request before the BTA sought implementation of this court's decision.

{¶ 16} We do not understand the Browns to contend otherwise. Instead, the Browns argue that their appeal consisted of much more than a request that this court's decision be applied to their case. In the Browns' view, they were entitled to discovery and a hearing for two reasons: first, they desired to show that their case differed factually from *Knust* in some material respect; and second, they desired to present certain evidence of how the Tax Commissioner adopted his view of the Internal Revenue Code, which, once presented, would show that *Knust* was wrongly decided. We therefore turn to the propriety of not granting them a hearing on those issues.

## B

{¶ 17} Our cases establish three pertinent points regarding the requirement to specify errors in the notice of appeal. First, the failure to set forth *any* error in the notice of appeal with the requisite specificity justifies the dismissal of the appeal by the BTA for want of jurisdiction. *Queen City Valves, Inc. v. Peck* (1954), 161 Ohio St. 579, 53 O.O. 430, 120 N.E.2d 310. Second, although the BTA may possess jurisdiction over one or more issues that have been sufficiently specified, the BTA lacks jurisdiction to grant relief from a final determination based on other alleged errors that were not sufficiently specified in the notice of appeal. *Ladas v. Peck* (1954), 162 Ohio St. 159, 54 O.O. 397, 122 N.E.2d 12,

syllabus; *Cleveland Elec. Illum. Co. v. Lindley* (1982), 69 Ohio St.2d 71, 75, 23 O.O.3d 118, 430 N.E.2d 939 ("a notice of appeal does not confer jurisdiction upon the Board of Tax Appeals to resolve an issue, unless that issue is clearly specified in the notice of appeal").

{¶ 18} Third, the specification requirement is stringent. As we stated more than 50 years ago in *Queen City Valves,* "specify" means " 'to state in full and explicit terms' " any contention upon which an appellant at the BTA seeks relief. *Queen City Valves,* 161 Ohio St. at 583, 53 O.O. 430, 120 N.E.2d 310, quoting Black's Law Dictionary (4th Ed.). An assignment of error in a notice of appeal does not confer jurisdiction if "[t]he errors set out are such as might be advanced in nearly any case and are not of a nature to call the attention of the board to those precise determinations of the Tax Commissioner with which appellant took issue." Id.

{¶ 19} A number of recent cases demonstrate the stringency of the specification requirement. A notice of appeal failed to invoke jurisdiction to consider whether the Tax Commissioner erred by finding that the taxpayer was a "consumer" for use-tax purposes when the taxpayer's notice of appeal neither cited the relevant statute nor mentioned the term "consumer." *Satullo v. Wilkins,* 111 Ohio St.3d 399, 2006-Ohio-5856, 856 N.E.2d 954, ¶ 24. Similarly, a claim of exemption from sales and use tax under R.C. 5739.02(B)(13) was not properly raised and could not be ruled on by the BTA when the taxpayer had neither cited the statute nor used "any language that might suggest to the reasonable reader that [the appellant] intended to claim an exemption under that section." *Cousino Constr. Co. v. Wilkins,* 108 Ohio St.3d 90, 2006-Ohio-162, 840 N.E.2d 1065, ¶ 37. Finally, where the Tax Commissioner's determination relied upon a specific finding, the BTA had no jurisdiction to reverse that finding unless the notice of appeal explicitly contested the finding. *Ellwood Engineered Castings Co. v. Zaino,* 98 Ohio St.3d 424, 2003-Ohio-1812, 786 N.E.2d 458, ¶ 23.

{¶ 20} We now examine how the Browns' notice of appeal fares in light of this precedent.

## C

{¶ 21} In this case, the Browns stated, "This appeal is being taken because the assessment is not supported by a proper application of Ohio Revised Code § 5747.02 and other applicable laws." R.C. 5747.02 is nothing more than the general statute that imposes the Ohio personal income tax; the Browns did not cite any of the federal statutes that have been placed at issue in the briefs. Nor does the notice of appeal make any explicit reference to "ESBT" or "grantor trust" or other terms that would define the issues.

{¶ 22} R.C. 5717.02 does not deem sufficient an assertion that "might be advanced in nearly any case." *Queen City Valves*, 161 Ohio St. at 583, 53 O.O. 430, 120 N.E.2d 310. The Browns' claim of error might indeed have been raised in any *income tax* case in Ohio. Moreover, the claim fails to "call the attention of the board to those precise determinations of the Tax Commissioner with which appellant took issue." Id. Under the standard articulated in *Queen City Valves* and our other cases, this statement arguably specifies no error at all.

{¶ 23} The foregoing considerations barred the Browns' request for a hearing in this case.[4] In particular, the notice of appeal does not state that the present case presents material factual differences from *Knust;* nor does it state that *Knust* would have been decided differently if certain evidence had been presented in that case. The BTA's *Knust* decision formed the basis for the commissioner's determination in this case; accordingly, the Browns were on notice and should have identified any difference or deficiency in *Knust* in their notice of appeal.

{¶ 24} Because the Browns did not specify such errors, the BTA did not acquire jurisdiction to grant relief based on those contentions. Accordingly, the BTA did not have to allow discovery and hold a hearing as to those issues.

## IV

{¶ 25} Finally, the Browns suggest that in some way, the Attorney General's representation of the Tax Commissioner before this court led us to the wrong conclusion in *Knust*. We disagree. In *Knust*, we fully considered and addressed the legal dispute between the Tax Commissioner and certain taxpayers who, like the Browns, contended that an ESBT should report the pass-through corporate income as income of the trust. The Tax Commissioner asserted that when an ESBT is a grantor trust, the usual federal provisions apply that regard the income of the trust as income of the grantor himself. The taxpayers contended, as do the Browns, that the ESBT provision somehow supersedes the grantor-trust rule. We concluded that the Tax Commissioner had properly read and applied the Internal Revenue Code. Our decision of this issue does not differ from our resolution of legal issues generally. The mere fact that many disputed the Tax Commissioner's position, and acted under their different interpretation of the law, impugns neither the validity of the Tax Commissioner's reading of the law nor our conclusion that the Tax Commissioner's interpretation was correct.

---

4. The Tax Commissioner did not file a cross-appeal asserting that the BTA had no jurisdiction over the issues that the Browns sought to litigate. As to nonjurisdictional issues, the failure to file a protective cross-appeal bars our consideration of an error alleged by an appellee. *Polaris Amphitheater Concerts, Inc. v. Delaware Cty. Bd. of Revision*, 118 Ohio St.3d 330, 2008-Ohio-2454, 889 N.E.2d 103, ¶ 13. But the absence of a cross-appeal does not prevent us from considering an issue of the BTA's jurisdiction that bears, derivatively, on our own. *Elyria v. Lorain Cty. Budget Comm.*, 117 Ohio St.3d 403, 2008-Ohio-940, 884 N.E.2d 553, ¶ 13.

{¶ 26} Having so recently decided this issue of law, we adhere to it under the principle of stare decisis. Moreover, the BTA acted reasonably and lawfully when it applied our decision in this case rather than question it. Because the Browns did not specify any error that justified holding a hearing, the BTA properly granted summary affirmance on the basis of our decision in *Knust.* We therefore affirm.

Decision affirmed.

MOYER, C.J., and O'CONNOR and LANZINGER, JJ., concur.

PFEIFER and CUPP, JJ., concur in affirming the decision of the Board of Tax Appeals on the basis of the analysis in part III only.

O'DONNELL, J., dissents.

---

**O'DONNELL, J., dissenting.**

{¶ 27} I respectfully dissent.

{¶ 28} R.C. 5717.02 expressly provides that "[t]he board may order the appeal to be heard upon the record and the evidence certified to it by the commissioner or director, but upon the application of any interested party the board *shall* order the hearing of additional evidence, and it may make such investigation concerning the appeal as it considers proper." (Emphasis added.) This court has long recognized that use of the word "shall" " 'denotes that compliance with the commands of that statute is *mandatory*.' (Emphasis sic.)" *State ex rel. Adams v. Aluchem, Inc.,* 104 Ohio St.3d 640, 2004-Ohio-6891, 821 N.E.2d 547, ¶ 12, quoting *Dept. of Liquor Control v. Sons of Italy Lodge 0917* (1992), 65 Ohio St.3d 532, 534, 605 N.E.2d 368.

{¶ 29} Moreover, Ohio Adm.Code 5717–1–11(A) provides that discovery "may be permitted by deposition upon oral examination or written questions; written interrogatories; production of documents or tangible things or permission to enter upon land or other property; and requests for admissions" in accordance with the Rules of Civil Procedure, to the extent that they are not inconsistent with other BTA rules.

{¶ 30} The majority opinion expressly acknowledges "as a general matter that the BTA has no power analogous to that of a court in a civil action to grant summary judgment under Civ.R. 56 or dismissal for failure to state a claim under Civ.R. 12(B)(6)." ¶ 11. Yet the majority concludes that the BTA could appropriately grant summary judgment in this case to the extent that the Browns sought the application of a favorable ruling in *Knust v. Wilkins,* 111 Ohio St.3d 331, 2006-Ohio-5791, 856 N.E.2d 243, because the conduct of a hearing would be, in

the majority's view, an exercise in futility. R.C. 5717.02, however, provides no exception to its mandatory language requiring the BTA to conduct a hearing "upon the application of any interested party." Moreover, the BTA's own holdings recognize that it has no authority to grant summary judgment because "the Ohio Rules of Civil Procedure, which prescribe practice before Ohio courts, have been adopted by this board only for purposes of discovery." *Weastec, Inc. v. Highland Cty. Bd. of Revision* (Interim Order, Jan. 18, 2008), BTA No. 07–H–884, 2008 WL 291887 at 2.

{¶ 31} Accordingly, I would hold that the BTA erred in ruling upon this appeal without first conducting a hearing and affording the opportunity to conduct discovery. I further dissent from the majority's ultimate holding for the reasons stated in my dissent in *Knust*.

_____

Cavitch, Familo, Durkin & Frutkin Co., L.P.A., Michael C. Cohan, Stephen E. Pigott, and Kismet R. Wunder, for appellants.

Nancy Hardin Rogers, Attorney General, and Barton A. Hubbard, Assistant Attorney General, for appellee.