WAGENKNECHT, APPELLANT, *v*. LEVIN, TAX COMMR., APPELLEE.

[Cite as *Wagenknecht v. Levin,* 121 Ohio St.3d 13, 2008-Ohio-6812.]

*R.C. 5747.10 – Petition for reassessment – Failure to make required payment on the assessment – Board of Tax Appeals' decision affirmed.*

(No. 2008-0095 — December 17, 2008 — Decided December 31, 2008.)

APPEAL from the Board of Tax Appeals, No. 2006-T-1007.

_____

**Per Curiam.**

{¶ 1} Appellant, Carl R. Wagenknecht Jr., contests an assessment of unpaid personal income tax as to the 1996 tax year, which the Tax Commissioner issued against him on December 8, 2005. Wagenknecht initiated the present proceedings by filing a petition for reassessment, dated February 7, 2006. The commissioner's final determination, issued on May 19, 2006, dismissed the petition on jurisdictional grounds. On appeal, the Board of Tax Appeals ("BTA") granted the commissioner's motion and summarily affirmed that dismissal. After a careful review of the record in light of Wagenknecht's arguments, we find no legal error, and we affirm the BTA.

**Background**

{¶ 2} This case originates in a redetermination by the Internal Revenue Service ("IRS") of Wagenknecht's adjusted gross income ("AGI") for 1996. When the IRS makes such an adjustment, R.C. 5747.10 requires an Ohio taxpayer to file an amended Ohio return that incorporates the new AGI figure and computes its effect on the Ohio tax liability for that year. The Tax Commissioner found that Wagenknecht had failed to file the required Ohio personal income tax return and proceeded to compute an Ohio income-tax deficiency based on the new AGI figure. The commissioner also found that "[t]here is no further pending

action before the Internal Revenue Service pertaining to this taxpayer for this tax year" and that "[t]he assessment by the Internal Revenue Service has been finally determined." Finally, because Wagenknecht had failed to make the required payment on the assessment as required by R.C. 5747.13(E)(2), the commissioner ruled that he lacked jurisdiction to consider the petition.

{¶ 3} Wagenknecht timely filed his notice of appeal at the Board of Tax Appeals on August 3, 2006, asserting among other things that the commissioner had erred by denying jurisdiction under R.C. 5747.13: the applicable division of R.C. 5747.13, according to Wagenknecht, was R.C. 5747.13(E)(8), not R.C. 5747.13(E)(2). Additionally, Wagenknecht contended that the commissioner had erred by finding that "[t]here is no further pending action before the Internal Revenue Service pertinent to this taxpayer for this tax year" and pointed to two cases, one pending in the United States Tax Court and one in the United States District Court.

{¶ 4} At the BTA, the commissioner filed a motion to affirm his final determination, which Wagenknecht opposed. Wagenknecht's response reiterated his assertions that R.C. 5747.13(E)(2), with its prepayment requirement, did not apply, and he referred once more to the two cases pertaining to tax year 1996 that were pending in the federal courts. Wagenknecht also filed subpoenas to summon witnesses to a hearing at the BTA and submitted a number of proposed hearing exhibits.

{¶ 5} On December 21, 2007, the BTA granted the commissioner's motion and affirmed his determination. The BTA found that the existing record established that the IRS had increased Wagenknecht's 1996 federal AGI by $308,600. Although the adjustments altered his Ohio income tax liability, the BTA found that Wagenknecht had "failed to file an amended return with [the commissioner], as required by R.C. 5747.10," with the result that "payment of the assessment, i.e. the tax and interest, became a condition precedent to Mr.

Wagenknecht's ability to have the assessment reviewed" under R.C. 5747.13(E)(2). Because the record showed that Wagenknecht had not paid, the BTA concluded that the commissioner was without jurisdiction to consider Mr. Wagenknecht's petition for reassessment. By granting the commissioner's motion, the BTA in effect denied Wagenknecht a hearing, even with respect to jurisdictional issues.

{¶ 6} On appeal to this court, Wagenknecht urges three propositions of law that broadly contest his obligation to file tax returns. Subsumed within the sweep of his arguments is, once again, the contention that prepayment of the assessment is not required on account of Wagenknecht's having allegedly "filed any required return that is applicable for 1996." Wagenknecht also faults the BTA for denying him a hearing, in particular one devoted to the jurisdictional issues.

{¶ 7} We hold that the BTA acted reasonably and lawfully when it affirmed the commissioner's dismissal for nonpayment of the assessment. We therefore affirm.

**Analysis**

*1. Wagenknecht failed to file the amended return that Ohio law requires.*

{¶ 8} As we recently discussed in *Gibson v. Levin*, 119 Ohio St.3d 517, 2008-Ohio-4828, 895 N.E.2d 548, ¶ 2, R.C. 5747.13(E)(2) requires prepayment when the taxpayer has not filed an original or an amended return as required by statute. In this case, the BTA affirmed the commissioner, who had issued an assessment based on a federal adjustment to the AGI reported on the 1996 tax return. Although Wagenknecht originally filed an Ohio tax return for 1996, he did not file an amended return after the IRS adjusted the AGI figure. An amended return is specifically required by R.C. 5747.10 "not later than sixty days after the adjustment has been agreed to or finally determined for federal income tax purposes or any federal income tax deficiency or refund, or the abatement or

3

credit resulting therefrom, has been assessed or paid, whichever occurs first." In a situation such as that presented in this case, therefore, the taxpayer may not rely on the filing of the original return to pursue his petition for reassessment. *Gibson* ¶ 8.

{¶ 9} In his brief and at oral argument, Wagenknecht referred to an affidavit he allegedly submitted to the Department of Taxation in April 2000.[1] He suggests that submitting such an affidavit may substitute for the filing of an amended return pursuant to R.C. 5747.10. That is mistaken for one overriding reason: R.C. 5747.10 specifically requires that an amended return be submitted "in such form as the commissioner requires." The affidavit plainly does not equate to the Form IT-1040X, the standard amended return published by the Ohio Department of Taxation, or to any other form prescribed by the commissioner. Accordingly, Wagenknecht did not file an amended return pursuant to R.C. 5747.10.

### 2. The IRS had "finally determined" Wagenknecht's AGI.

{¶ 10} The Tax Commissioner's determination recited that the IRS assessment had been "finally determined." On appeal of that determination, Wagenknecht had the burden to prove that finding to be clearly unreasonable or unlawful. See *Nusseibeh v. Zaino*, 98 Ohio St.3d 292, 2003-Ohio-855, 784 N.E.2d 93, ¶ 10. The BTA correctly concluded that the taxpayer failed to carry that burden.

{¶ 11} Before this court, Wagenknecht renews his contention that the federal liability remains in dispute in the two federal cases. That argument fails because recent decisions issued by the federal courts in both cases show that the relevant substantive issue – the amount of Wagenknecht's 1996 AGI – is not, as a matter of federal procedural law, a viable issue in either case. First, Wagenknecht

---

1. The document was attached as an exhibit to a brief filed at the BTA but does not constitute a part of the statutory transcript certified by the commissioner to the BTA.

cites case No. 06-00726 in the United States District Court for the Northern District of Ohio. But the United States Court of Appeals for the Sixth Circuit recently affirmed the district court's dismissal of the part of Wagenknecht's complaint that related to the amount of federal tax liability on the grounds that jurisdiction "related to income tax liabilities lies solely in the Tax Court." *Wagenknecht v. United States* (C.A.6, 2008), 533 F.3d 412, 416.

{¶ 12} As for the Tax Court case, that court decided on July 29, 2008 that the "underlying tax liability" was not properly before the court because of a procedural default by Wagenknecht. *Wagenknecht v. Commr. of Internal Revenue* (2008), T.C. Memo. 2008-179. Indeed, the tax court granted complete summary judgment to the government.

{¶ 13} But even if Wagenknecht could argue that further appeals will vindicate his position, another event triggered the unfulfilled requirement that he file the amended return under R.C. 5747.10. The commissioner found that the IRS had *assessed* the federal deficiency against Wagenknecht, and Wagenknecht never proposed to show that the act of assessment did not occur.[2] Under R.C. 5747.10, the federal government's act of assessing the deficiency triggers the filing requirement, regardless of the finality of the federal determination.

{¶ 14} Accordingly, because Wagenknecht was required to file an amended return and failed to do so, he was obligated to prepay the Ohio assessment in order to receive a hearing on his petition for reassessment.

*3. The amended-return filing requirement was not unreasonable.*

{¶ 15} Wagenknecht also contends that Ohio law should not be construed to require him to file a return declaring, under penalties of perjury, an adjusted tax

---

2. Indeed, the United States Tax Court stated that the IRS had assessed the federal deficiency for 1996 on January 10, 2003. T.C. Memo 2008-179 at 5. Ordinarily, we do not refer to decisions of other courts in collateral cases to determine the operative facts in a case pending before this court. In the present case, however, referring to the federal decisions for the assessment date is not

liability so long as he continues to dispute it. This argument fails for two reasons. First, Wagenknecht's federal AGI had been "finally determined," so that his personal disagreement with that figure was no longer legally significant: R.C. 5747.10(A) required him to file an Ohio amended return and pay the amount of any deficiency. Second, Wagenknecht overlooks the possibility of filing correspondence along with the return that could express his reservations about the federal assessment.

*4. Wagenknecht advances substantive arguments that may not be heard.*

{¶ 16} Wagenknecht asserts that the federal government committed factual and legal errors when it assessed a deficiency against him. His theories include the contention that he was not required to file a federal Form 1040 because of IRS noncompliance with the federal Paperwork Reduction Act and the nonapplicability of Form 1040 to the general public. Additionally, Wagenknecht maintains that the commissioner may not rely on the validity of a federal assessment when he issues an assessment for failure to pay under R.C. 5747.10(A) – on this view, the commissioner may issue his own assessment only after performing an independent determination of the validity of the federal assessment.

{¶ 17} These arguments raise challenges to the merits of the assessment. Ordinarily such arguments would be considered and resolved through the petition for reassessment. But Wagenknecht failed to invoke the commissioner's jurisdiction because he neither filed the amended return nor paid the assessment.

{¶ 18} Although Wagenknecht appears to treat his substantive arguments as bearing on the jurisdictional issue, they do not. The substantive arguments contest the *validity of the commissioner's assessment*; they do not, even if meritorious, release Wagenknecht from the duties under R.C. 5747.10 or

---

improper because Wagenknecht places them at issue when he argues that those cases show a continuation of the federal dispute.

5747.13(E)(2) either to have filed the amended return or to pay the assessment in order to receive consideration of his petition for reassessment.

*5. Wagenknecht was not entitled to a hearing at the BTA.*

**{¶ 19}** Wagenknecht sought a hearing at the BTA, and in his notice of appeal to the court, he stated that the BTA "erred by not allowing Appellant to present evidence at a hearing before the Board (which evidence was proffered in Appellant's Response In Opposition To Appellee's Motion To Affirm The Tax Commissioner's Final Determination), to prove that the Appellant was not required to make payment with the Petition for Reassessment." In *Brown v. Levin*, 119 Ohio St.3d 335, 2008-Ohio-4081, 894 N.E.2d 35, ¶ 10, we noted that R.C. 5717.02, the statute that governs appeals from determinations of the Tax Commissioner, states that "upon the application of any interested party," the BTA "shall order the hearing of additional evidence." We observed that the mandatory language of R.C. 5717.02 implied "as a general matter that the BTA has no power analogous to that of a court in a civil action to grant summary judgment under Civ.R. 56 or dismissal for failure to state a claim under Civ.R. 12(B)(6)." Id. at ¶ 11. Against that background, we must address the question whether the BTA could decline to hold a hearing and affirm the dismissal of the petition for reassessment.

**{¶ 20}** We hold that the BTA properly issued a summary affirmance. The only legitimate *jurisdictional* issues in the case concerned (1) Wagenknecht's obligation to file an amended return under R.C. 5747.10 and (2) his obligation to prepay under R.C. 5747.13(E)(2). Quite simply, the factual proof that Wagenknecht proposed to present at the BTA related to the procedural and substantive validity of the commissioner's assessment, not to the commissioner's jurisdiction to consider the petition. Although Wagenknecht did offer to prove the pendency of the federal cases, he never offered to prove that the federal government had not issued an assessment – an event that by itself triggers the

requirement to file the amended return. Nor did he assert that he had in fact paid the assessment. Under these circumstances, the BTA correctly found an absence of jurisdiction as a matter of law. As we have held, a litigant's right to a hearing under R.C. 5717.02 does not encompass a right to present evidence on points that are not jurisdictionally before the BTA. See *Brown*, 119 Ohio St.3d 335, 2008-Ohio-4081, 894 N.E.2d 35, ¶ 24.

### Conclusion

{¶ 21} For all the foregoing reasons, the BTA acted reasonably and lawfully when it affirmed the commissioner's dismissal of the petition for reassessment. We therefore affirm the BTA's decision.

Decision affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Carl R. Wagenknecht Jr., pro se.

Nancy Hardin Rogers, Attorney General, and Damion M. Clifford, Assistant Attorney General, for appellee.

_____