[Cite as *Firestone VFW Post 3383 v. Testa*, 2016-Ohio-5689.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

FIRESTONE VFW POST 3383

    Appellant

    v.

JOSEPH W. TESTA, TAX
COMMISSIONER OF OHIO, et al.

    Appellees

C.A. No.      27747

APPEAL FROM JUDGMENT
ENTERED IN THE
OHIO BOARD OF TAX APPEALS
COUNTY OF SUMMIT, OHIO
CASE No.    2014-4576

DECISION AND JOURNAL ENTRY

Dated: September 7, 2016

MOORE, Judge

{¶1}     Appellant Firestone VFW Post 3383 ("Firestone") appeals the decision of the Ohio Board of Tax Appeals ("BTA"). This Court affirms.

I.

{¶2}     In 2013, Firestone filed an application for real property tax exemption pursuant to R.C. 5709.17(B). R.C. 5709.17(B) provides, that "[r]eal estate and tangible personal property held or occupied by a veterans' organization that qualifies for exemption from taxation under section 501(c)(19) or 501(c)(23) of the 'Internal Revenue Code of 1986,' 100 Stat. 2085, 26 U.S.C.A. 1, as amended, and is incorporated under the laws of this state or the United States, [shall be exempt],  except real estate held by such an organization for the production of rental income in excess of thirty-six thousand dollars in a tax year, before accounting for any cost or expense incurred in the production of such income." In support of its application, Firestone submitted copies of its IRS Form Number 990 returns for the tax years 2012 and 2013. The

2012 form listed gross rents of $38,600 and the 2013 form listed gross rents of $37,955. The forms did not list any rental expenses associated with the gross rents in the designated column. The Tax Commissioner issued a final determination concluding that, because the listed gross rents exceeded the amount authorized by R.C. 5709.17(B) ($36,000), Firestone was not entitled to the exemption and denied its application for the tax year 2013.

{¶3} Firestone filed a notice of appeal to the BTA. Along with the notice of appeal form[1], Firestone submitted a letter and copies of its amended 990 forms. Firestone asserted in the letter that, "[o]n the amended tax returns it shows the rental deposit refund amounts that [it] issued for the two tax years in question." The attached amended returns listed the same amounts as gross rents; however, the returns included amounts under rental expenses (which Firestone classified elsewhere in the forms as "rental deposit refunds"), which when subtracted from the gross rents, resulted in net rental income for the two years that was below the $36,000 threshold listed in R.C. 5709.17(B).[2] Following a hearing, the BTA issued a decision and order concluding that R.C. 5709.17(B) speaks of gross income, i.e. income before accounting for any expenses, and the amended 990 forms submitted by Firestone listed the rental deposit refunds as expenses. Thus, the BTA determined that Firestone had not demonstrated that its gross rental income fell below the $36,000 threshold set forth in R.C. 5709.17(B). Accordingly, the BTA affirmed the final determination of the Tax Commissioner.

---

[1] It appears that Firestone completed the wrong notice of appeal form, as the form reads that it is a "notice of appeal to the board of tax appeals from a decision of a county board of revision[,]" when Firestone was appealing from a decision of the Tax Commissioner. However, neither side has raised this as an issue and neither has the BTA in the prior proceedings.

[2] We note that the amended 990 form for 2012 is not in the record on appeal; however, it does not appear to be disputed that the form listed rental expenses, that when subtracted from the gross rents would yield a net rental income less than $36,000.

{¶4} Firestone then appealed to this Court, raising four assignments of error. The Tax Commissioner filed a motion to dismiss and an amended motion to dismiss asserting that this Court lacked jurisdiction because Firestone failed to serve the Tax Commissioner's counsel with the notice of appeal and instead only served the Tax Commissioner. Firestone opposed the motion and this Court denied the motion to dismiss.

{¶5} Thereafter, the Tax Commissioner filed another motion to dismiss, requesting that this Court reconsider its earlier ruling and additionally arguing that the appeal should be dismissed for Firestone's failure to comply with certain requirements in R.C. 5717.02 and 5717.04. We decline to reconsider our earlier ruling on the Tax Commissioner's motion to dismiss.

II.

### ASSIGNMENT OF ERROR I

THE [BTA] ERRED AS A MATTER OF LAW BY NOT EXCLUDING REFUNDABLE DEPOSITS FROM [FIRESTONE'S] REAL ESTATE RENTAL INCOME AS REQUIRED BY [R.C.] 5709.17(B).

### ASSIGNMENT OF ERROR II

THE [BTA] ERRED AS MATTER OF LAW BY NOT EXCLUDING REFUNDED DEPOSITS FROM [FIRESTONE'S] REAL ESTATE RENTAL INCOME AS REQUIRED BY [R.C.] 5709.17(B).

### ASSIGNMENT OF ERROR III

THE [BTA] ERRED AS A MATTER OF LAW BY DISREGARDING [FIRESTONE'S] UNCONTROVERTED TESTIMONY, THAT OF [FIRESTONE'S] QUARTERMASTER, CONCERNING [FIRESTONE'S] ERRONEOUS CLERICAL ENTRY OF REFUNDABLE AND REFUNDED DEPOSITS IN [FIRESTONE'S] REAL ESTATE RENTAL RECORDS.

### ASSIGNMENT OF ERROR IV

THE [BTA] ERRED AS A MATTER OF LAW BY NOT EXEMPTING FROM TAXATION THE REAL ESTATE HELD BY [FIRESTONE] AS REQUIRED BY [R.C.] 5709.17.

**{¶6}** The argument underlying each of Firestone's assignments of error relates to the issue of whether the items listed as rental expenses (i.e. the items Firestone also classified as rental deposit refunds) on Firestone's amended 990 returns should have been excluded from gross rents, as opposed to deducted. Because we conclude that Firestone did not raise this issue in its notice of appeal to the BTA, we conclude that Firestone has not preserved any of its assignments of error for our review. Accordingly Firestone cannot now raise these issues in this Court, and we affirm the judgment of the BTA on that basis alone.[3]

**{¶7}** "We review the decisions of the BTA to determine whether they are reasonable and lawful." *Cuyahoga Cty. v. Testa,* 145 Ohio St.3d 157, 2016-Ohio-134, ¶ 29, citing R.C. 5717.04. The Supreme Court has "noted that [t]he standard for conducting that review ranges from abuse of discretion, which applies when we are asked to reverse the BTA's determination regarding credibility of witnesses, to de novo review of legal issues." (Internal quotations and citation omitted.) *Id.*

**{¶8}** Former R.C. 5717.02 required that, "a notice of appeal to the BTA from a determination of the tax commissioner 'specify the errors therein complained of.'" *Id.* at ¶ 26, quoting former R.C. 5717.02. In interpreting former R.C. 5717.02, the Supreme Court has held that "[i]t is well settled that these requirements [of former R.C. 5717.02] are jurisdictional prerequisites to the exercise of authority by the BTA or this court on appeal." *Global Knowledge Training, L.L.C. v. Levin,* 127 Ohio St.3d 34, 2010-Ohio-4411, ¶ 15. The Supreme Court has thus concluded that "any alleged errors not specified in the notice of appeal [to the BTA] are not reviewable by the BTA or by this court." *Satullo v. Wilkins,* 111 Ohio St.3d 399, 2006-Ohio-

---

[3] While the Tax Commissioner raised this issue in his motion to dismiss and his brief, for the reasons stated below, we do not conclude dismissal is the appropriate remedy. Accordingly, the Tax Commissioner's most recent motion to dismiss is overruled.

5856, ¶ 23. Additionally, the Supreme Court has determined that "the failure to set forth any error in the notice of appeal with the requisite specificity justifies the dismissal of the appeal by the BTA for want of jurisdiction." (Emphasis omitted.) *Brown v. Levin,* 119 Ohio St.3d 335, 2008-Ohio-4081, ¶ 17.

{¶9} In 2013, R.C. 5717.02 was amended. R.C. 5717.02(C) now provides that, "[a] notice of appeal [to the BTA] shall contain a short and plain statement of the claimed errors in the determination or redetermination of the tax commissioner, county auditor, or director showing that the appellant is entitled to relief and a demand for the relief to which the appellant claims to be entitled." The language in this provision has yet to be interpreted by the Supreme Court of Ohio. Nonetheless, there is no reason to conclude that the requirements of R.C. 5717.02(C) would not remain jurisdictional requirements. The BTA has in fact continued to treat the requirements as jurisdictional. *See Saood Inc. v. Testa,* BTA No. 2015-391, 2016 WL 3099271 (Jan. 14, 2016.). Further, there is case law that would tend to indicate that the Supreme Court may conclude that the language in R.C. 5717.02(C) should be interpreted to require the same specificity as that of former R.C. 5717.02. *See Painesville v. Lake Cty. Budget Comm.,* 56 Ohio St.2d 282, 285-286 (1978) (concluding that R.C. 5747.55(A)(2), which required that the notice of appeal "set forth in clear and concise language * * * [t]he error or errors the taxing district believes the budget commission made[,]" was "sufficiently analogous" to former R.C. 5717.02 and other statutes that the case law developed under those statutes would be applicable to R.C. 5747.55 challenges to a notice of appeal).

{¶10} Here, there is an argument to be made that Firestone's notice of appeal to the BTA entirely fails to meet the requirements of R.C. 5717.02(C), even when considering it along with the accompanying letter and amended returns. The notice of appeal itself listed no claimed

errors and the letter states that, "[w]e have enclosed a copy of our 2012 and 2013 amended 990 Return of Organization Exempt Form Income Tax. On the amended tax returns it shows the rental deposit refund amounts that we issued for the two tax years in question. We would ask that you would reverse your final determination." Nevertheless, the BTA did not sua sponte dismiss the appeal, and therefore implicitly concluded that it satisfied the requirements of the statute. In light of the lack of Supreme Court authority on the issue, we conclude that the determination was reasonable and lawful, as a liberal construction of the documents could arguably assert an error. *See* R.C. 5717.04.

{¶11} However, even liberally construing the notice of appeal, the letter, and the amended returns, we cannot say that Firestone raised the issue that it now raises. Instead, a broad, liberal interpretation of Firestone's notice of appeal to the BTA and accompanying documents leads us to conclude that the claimed error it made to the BTA was that it was entitled to the exemption because its net rental income (i.e. income after deducting rental expenses) was below the $36,000 threshold. We conclude this because Firestone essentially requested that the BTA examine the amended 990 returns as those returns would demonstrate Firestone's entitlement to relief. However, the returns themselves listed the rental deposit refunds as rental expenses, and only the net rental income figure was below the $36,000 threshold provided for in R.C. 5709.17(B). The forms did not exclude the rental deposit refunds from the gross rents.

{¶12} There is nothing in the notice of the appeal to the BTA, the letter, or the returns that would even suggest that Firestone was asserting that the figures listed as rental expenses should have been excluded from gross income, and thus, should not have even been considered expenses. As all of Firestone's arguments under its assignments of error relate to the assertion that the rental deposit refunds should have been excluded from gross rents, and Firestone did not

make this argument in its notice of appeal to the BTA, we conclude that we are unable to consider it at this stage of the proceedings. *See Satullo,* 111 Ohio St.3d 399, 2006-Ohio-5856, ¶ 24 (affirming the decision of the BTA and concluding that "[b]ecause Satullo did not specify either of those statutory provisions or even mention the word 'consumer' in his notice of appeal to the BTA from the Tax Commissioner's final determination, he failed to preserve for review any challenge to his status as a consumer subject to the use tax, and he cannot now raise that issue in this [C]ourt[]"); *Cuyahoga Cty.,* 145 Ohio St.3d 157, 2016-Ohio-134, ¶ 28.

**{¶13}** The merits of Firestone's assignments of error cannot be considered by this Court.

III.

**{¶14}** The decision of the BTA is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Ohio Board of Tax Appeals, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

MICHAEL R. STITH, Attorney at Law, for Appellant.

MICHAEL DEWINE, Attorney General, and BARTON A. HUBBARD, Assistant Attorney General, for Appellee.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JOHN F. GALONSKI, Assistant Prosecuting Attorney, for Appellee.