JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In this consolidated appeal, appellants Rome P., and Margaret F., Busa and Anthony J., and Rebecca S. Busa ("the Busas"), appeal the decision and order of the Ohio Board of Tax Appeals ("BTA") that affirmed the decision of appellee, Ohio Tax Commissioner ("Tax Commissioner"), which assessed the Busas $85,891.38 in personal income tax on the income earned from the Busas' Electing Small Business Trusts ("ESBT"). The Busas assigned four errors for our review.[1]
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the BTA.
 History {¶ 3} It is undisputed that the Busas on August 1, 1999 created two separate trusts in which they placed the shares of their S corporation. The Busas chose to designate their respective trusts as "Electing Small Business Trusts" or "ESBTs" under the Internal Revenue Code.
 {¶ 4} Each of the appellants terminated their ESBT's effective December 27, 2000, in response to the United States Treasury Department's issuing regulation 26 C.F.R. 1.651(c)-1(c). This regulation provided that an ESBT terminated prior to December 29, 2000 is not taxed as a grantor trust and not subject to Ohio income tax. Because they terminated their ESBTs prior to the *Page 4 
December 29, 2000 deadline, the Busas treated the income earned by the trusts as taxable to the trusts and did not include the income in their Federal Adjusted Gross Income, the starting point for individual income taxation in the State of Ohio.
 {¶ 5} In 2003, the Ohio Department of Taxation audited the Busas. As a result of the audit, the Busas were assessed an additional $85,981.38 in state income tax, penalties, and interest based on their failure to include the trust income in their personal income.
 {¶ 6} The Busas appealed the assessment to the Tax Commissioner, who found pursuant to the Ohio Supreme Court's case of Knust v.Wilkins[2] the Busas' respective assessments were correct. The Busas appealed the Commissioner's decision to the BTA, arguing theKnust decision did not apply to their trusts because they terminated the ESBTs prior to the December 29, 2000 deadline. The BTA affirmed the Commissioner's decision, concluding the termination of the ESBTs did not distinguish their case from the Knust decision.
 Standard of Review {¶ 7} Initially, we note our limited standard of review of decisions by the BTA. R.C. 5717.04, which sets forth this court's standard of review for appeals from the BTA, provides: *Page 5 
 "If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification."
 {¶ 8} Thus, we must affirm a decision of the BTA unless that decision was unreasonable or unlawful.
 Analysis {¶ 9} In their assigned errors, the Busas contend the BTA erred by requiring them to pay Ohio personal income tax for the year 2000 on the income earned by the two ESBT trusts they created.
 {¶ 10} We will address their assigned errors together, because we conclude most of the arguments are simply an attempt to relitigate issues already resolved by the Ohio Supreme Court in its decisions ofKnust v. Wilkins[3] and Lovell v. Levin.[4] In fact, a comparison between the Supreme Court brief filed by the Busas' counsel in theLovell case with the appellate brief in the instant case indicates the briefs are virtually identical except for the change in facts and names. On this appeal, Busas' counsel also expands his argument in the second assigned error regarding the ambiguity of the statutes at issue. *Page 6 
 {¶ 11} In the Ohio Supreme Court case of Knust v. Wilkins, [5] the Ohio Supreme Court held that "income earned by a grantor trust is taxable to the grantor rather than to the trust itself — even if the trust is an ESBT."[6] The holding essentially prevents the creation of grantor trusts as a means to shelter S corporation income from Ohio taxation.
 {¶ 12} The Busas acknowledged in their briefs that their ESBT trusts were in fact, grantor trusts. As the Supreme Court in Knust explained, electing to make the grantor trust an ESBT "does not change the ordinary requirement that the grantor trust's income is taxed to the grantor and not to the trust itself."[7]
 {¶ 13} Nonetheless, the Busas contend the Knust decision should not control their case because they terminated their trust prior to December 29, 2000, when a federal regulation cited in Knust took effect. We disagree. In Lovell, the Ohio Supreme Court, in addressing the identical argument, explained:
 "The federal regulation that took effect on December 29, 2000, was not, in other words, the basis for our holding in Knust. We instead in that case applied the federal statutes `as they are written,' Knust at P 28, and we found that the BTA's decision that income earned by a grantor trust is taxable to the grantor rather than to the trust itself — even if the trust is an ESBT — was `consistent with the relevant provisions of the Internal Revenue Code.' Id. at P 26. The *Page 7 
appellants' focus in these appeals on the regulation's effective date is misplaced because the statutes on which we relied in Knust were undeniably in effect throughout tax year 2000. Those statutes dictated the outcome in that case and in these appeals, and as a result of those statutes, the appellants `themselves owed state income tax on the income earned by their grantor trusts during tax year 2000.' Knust at P 30."[8]
 {¶ 14} Therefore, based on Lovell, the fact the trust was terminated prior to the legislation's effective date was of no matter, because other statutes relied on in Knust were effective throughout the 2000 tax year.
 {¶ 15} The Busas next contend that the statutes that were in effect are ambiguous and can result in various interpretations by the taxpayer, and that such ambiguity should be resolved in the taxpayer's favor. The Court in Lovell, citing to the Knust decision, resolved this issue as to Sections 671 to 679 of Title 26 of the U.S. Code and held:
 "The appellants next contend that any ambiguity in the relevant federal statutes should be resolved in their favor. We never found any ambiguity in the relevant federal statutes in Knust, however, and we find no ambiguity in those same statutes in these appeals. We examined Sections 671 to 679, Title 26, U.S. Code in Knust and explained that `a grantor trust can elect ESBT status, but that status does not change the ordinary requirement that the grantor trust's income is taxed to the grantor and not to the trust itself.' Knust at P 25. In the absence of any ambiguity in the relevant federal statutes, our duty in these appeals is to apply the statutes as written, just as we did in Knust. See State v. Kreischer, 109 Ohio St.3d 391, 2006-Ohio-2706, 848 N.E.2d 496, P 12 (`When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for this court to apply rules of statutory interpretation')."[9] *Page 8 
 {¶ 16} Thus, based on Lovell and Knust, the Busas' argument as to the ambiguity of the Sections 671 to 679 is without merit.
 {¶ 17} We also conclude no ambiguity exists between26 U.S.C. Sections 641 and 671. The Court in Lovell, citing to the Court in Knust
explained:
 "`[T]he income earned by a grantor trust passes through to the grantor and is taxed to him or her under Sections 671 to 679, Title 26, U.S. Code. * * *
 "`Nothing in the statutory provision cited by [the appellants in Knust and in these cases] — Section 641(c), Title 26, U.S. Code-suggests that that principle changes when the grantor trust is designated as an ESBT. That statute simply says that when an income tax is imposed on a trust, that tax is to be calculated in a specified way if the trust is an ESBT. Where, as in this case, no income tax is imposed on the trust, however, the statute does not come into play.' Knust at P 24, 25."[10]
 {¶ 18} Therefore, because Section 641 does not apply when income tax is not imposed on the trust, there is no ambiguity between that section and Section 671, which deals with taxes imposed on the grantor.
 {¶ 19} The Busas next contend that the imposition of Ohio income tax on them personally for the trusts' income violates the Supremacy Clause in Clause 2, Article VI of the United States Constitution. TheLovell decision did not address this issue because the Court concluded that Lovell failed to raise the Supremacy Clause argument in his notice of appeal to the BTA. In the instant case, however, the Busas did raise the issue in their notice of appeal; however, *Page 9 
the BTA failed to address it. Nonetheless, the argument is without merit because it is premised on the argument that the relevant income tax statutes are in conflict and thus ambiguous. However, as we discussed previously, and, as the Court in Knust and Lovell held, there is no ambiguity or conflict between the provisions.
 {¶ 20} Finally, the Busas argue that the Tax Commissioner and the BTA engaged in improper rulemaking. The Lovell Court again addressed this argument. The Court held:
 "Finally, the appellants allege that the `maverick' Tax Commissioner has engaged in improper `rulemaking' by directing them to pay income taxes on the income earned by their grantor trusts. The argument is invalid for the reasons explained in Knust. The Tax Commissioner simply applied the law to these appellants as we did to the appellant in that earlier case. Nothing about the Tax Commissioner's actions suggest that he has flouted state or federal law as the appellant's claim."[11]
 {¶ 21} Likewise, in the instant case, the Tax Commissioner was simply applying the law. Accordingly, the Busas' four assigned errors are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Board of Tax Appeals to carry this judgment into execution. *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and KENNETH A. ROCCO, J., CONCUR.
 APPENDIX
Assignments of Error
"I. The income of an electing small business trust that terminated prior to December 29, 2000 was subject to tax in accordance with26 U.S.C. 641(C) and not 26 U.S.C. 671, even if the ESBT was a grantor trust prior to making the ESBT election."
"II. The appellee's assessment is invalid, as the issuance of such assessment required the appellee to interpret the provisions of an ambiguous provision of the Internal Revenue Code, which ambiguity under relevant Federal and Ohio case law is required to be resolved in favor of the taxpayer."
"III. The appellee's assessment is in contravention to the Federal Laws, in effect in tax year 2000, such that the issuance of the assessment on the basis that the income of appellant's ESBT was taxable to appellants individually for Federal Income Tax purposes violates the supremacy clause of the United States Constitution."
"IV. The appellants' assessment was the result of improper legislative acts or improper rule making by the appellee and as such the assessment is invalid."
[1] See Appendix.
[2] 111 Ohio St.3d 331, 2006-Ohio-5791.
[3] Id.
[4] 116 Ohio St.3d 200, 2007-Ohio-6054.
[5] 2006-Ohio-5791 (the Busas filed an amicus curiae brief in theKnust case).
[6] Id. at ¶ 31.
[7] Id. at ¶ 25.
[8] 2007-Ohio-6054, at ¶ 32.
[9] Id. at ¶ 33.
[10] Id. at ¶¶ 30, 31.
[11] Id. at ¶ 38. *Page 1